■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELESANO TROIANI, Appellant, v. EDWARD M. FAY, as Warden of Green Haven State Prison, et al., Respondents.— Appeal by relator from an order of the Supreme Court, Dutchess County, dated February 28, 1958, dismissing, after a hearing, a writ of habeas corpus and remanding him to custody. Order affirmed. By an order dated January 9, 1961, this court granted the relator's motion for reconsideration of his motion for leave to appeal as a poor person, which had been treated as a motion for leave to dispense with printing and for assignment of counsel, and, on reconsideration, granted his motion for leave to dispense with printing, ordered the appeal to be heard on the original papers (including the typed minutes) and on his typewritten brief, but denied his motion for assignment of counsel: The appeal has come before us on the relator's typed brief and the original papers. We have been unable to obtain the minutes of the hearing because the court reporter destroyed his stenographic notes in accordance with section 297 of the Judiciary Law which authorized their destruction after two years. In our opinion, there is no requirement that this matter be remitted for another hearing. Remission would be futile because affirmance of the order is clearly required when consideration is given to the contentions raised by relator in his papers and briefs and to the previous appeal by the relator from the judgment of conviction. On February 3, 1954, after a jury trial in the County Court, Queens County, the relator was convicted of grand larceny in the first degree and possession of a dangerous weapon as a misdemeanor, and sentenced to serve a term of 5 to 10 years on the larceny count. Sentence was suspended on the dangerous weapon count. The jury acquitted relator on a count charging him with burglary in the third degree in that he broke and entered a dwelling house with the intent to commit the crime of larceny therein. The judgment of conviction was affirmed by this court and the Court of Appeals, and the United States Supreme Court, on May 14, 1956, denied certiorari (People v. Troiani, 285 App. Div. 892, affd. 1 N Y 2d 667, cert. denied 351 U. S. 933). On the instant appeal, relator presents three basic issues. First, he contends that, when imposing sentence on February 3, 1954, the sentencing court failed to comply with the provisions of section 480 of the Code of Criminal Procedure. At the habeas corpus hearing a certified photostatic copy of the minutes at sentence was submitted which clearly showed compliance with the statute, and the original

certificate of commitment was exhibited to Special Term. To make sure that the copy of the sentencing minutes was accurate, we examined the record on appeal from the judgment of conviction and we find that such copy is accurate. Since Special Term had the original certificate of commitment and a copy of the sentencing minutes before it, it may not be held that Special Term committed error in dismissing the writ insofar as appellant's first point is concerned (*People ex rel. Rosano* v. *Fay*, 6 A D 2d 695; *People* v. *Sheehan*, 4 A D 2d 143). For his second point the relator contends that, in acquitting him of burglary in the third degree and convicting him of grand larceny in the first degree, the jury rendered an inconsistent verdict which cannot support the judgment. There is no merit to relator's second point. The "jury was not required to find defendant guilty of the crime of burglary as a prerequisite to a finding of guilt on the larceny count. (*People* v. *Haupt*, 247 N. Y. 369.)" (*People* v. *Rockower*, 266 App. Div. 781, 782, affd. 292 N. Y. 655). Each count in the indictment is to be regarded as a separate indictment, and consistency in the verdict is not necessary (*People* v. *Sciascia*, 268 App. Div. 14, 15, affd. 294 N. Y. 927). Moreover, while the Court of Appeals' affirmance of the judgment convicting the relator was without opinion (*People* v. *Troiani*, 1 N Y 2d 667, *supra*), it is set forth in the statement of facts accompanying such affirmance that, in the Court of Appeals, defendant argued *inter alia* that his "acquittal of the crime of burglary barred a conviction for larceny". In his third point relator contends that the sentences were illegal in that the suspended sentence on the count of possession of a dangerous weapon as a misdemeanor, cannot legally be considered a valid judgment and that consequently he should be returned to the County Court for possible correction of the sentence. For certain purposes a suspended sentence is not valid or the equivalent of a judgment of conviction (see, e.g., *People* v. *Harcq*, 292 N. Y. 321; *People* v. *Shaw*, 1 N Y 2d 30). For other purposes, the imposition of a suspended sentence is valid and is the equivalent of a judgment of conviction (see, e.g., Penal Law, § 2188; Code Crim. Pro., §§ 750, 470-a, 470-b; *People ex rel. Woodin* v. *Ottaway*, 247 N. Y. 493, 495). In our opinion, the County Court, in sentencing relator to a jail term on the larceny felony count and suspending sentence on the misdemeanor count, did not commit error (see, e.g., *People* v. *Bruton*, 10 A D 2d 636; *People* v. *Torres*, 5 A D 2d 134, affd. 5 N Y 2d 804), and certainly not error which could be corrected by a writ of habeas corpus. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.