Vito J. Titone, J.
The defendant and the complainant got into an altercation in a tavern, resulting in the complainant’s allegedly being shot in the hand by defendant. Both gentlemen were members of the Police Department and off duty at the time. The defendant was charged in a three-count indictment with assault in the first degree, assault in the second degree, and reckless endangerment in the first degree.
At the trial, the Judge charged the first count of the indictment, assault one, and also assault in the second degree as a lesser included offense. He also charged the second and third *3 counts of the indictment. The jury returned a not-guilty verdict on both the first count and the lesser included offense but was deadlocked on the second and third counts. The jury was then dismissed.
The defendant now moves for an order dismissing the remaining counts in the indictment pursuant to subdivision 2 of CPL 310.70 which provides: “ Upon the rendition of a partial verdict pursuant to subdivision one, a defendant may be retried upon an unresolved count of an indictment when such unresolved count is consecutive, as that term is defined in subdivision two of section 300.30, as to every count upon which the jury did render a verdict, whether of guilty or not guilty.” Counts are considered “ consecutive ” when consecutive sentences may be imposed in case of conviction, and this may be done where separate acts result in the commission of two or more crimes. See People v. Tanner (30 N Y 2d 102 [1972]), where consecutive sentences for manslaughter and robbery were upheld when the robbery victim was killed after the robbery had been completed.
The rationale underlying subdivision 2 of CPL 310.70 is clear, as far as it goes. There is nothing unfair about retrying a defendant in a consecutive court situation, where the jury has deadlocked on some counts but reached a verdict on others, since in substance we are dealing with separate crimes. In such a situation, it would not be “ inconsistent ” for a first jury to find a defendant not guilty on one count and deadlock on another, and then have a second jury convict on the other count.
However, we are here — concededly — confronted with a ‘ ‘ concurrent ’ ’ count case, that is, the single act of firing the gun is what gave rise to all the offenses alleged in the indictment. (See Penal Law, § 70.25, subd. 2.) Unfortunately, the statute is silent on this situation, and research by the People, the defense and the court did not unearth a single case on this section or any helpful commentary. A study of the prior law was unavailing. Section 446 of the Code of Criminal Procedure dealt only with a case involving more than one defendant when the jury could not agree on a verdict as to all of them.
The wording of the instant statute appears to mandate a dismissal. The Legislature could have provided that upon the rendition of such a partial verdict, a defendant may be retried upon any unresolved count or counts in the indictment. It did not do so. It specifically added the words ‘ ‘ when such unresolved count is consecutive * * * as to every count upon which the jury did render a verdict, whether of guilty or not guilty.” Since vthe unresolved counts herein are concurrent, the court concludes *4 that the defendant may not be retried on the second and third counts of the indictment, and the motion to dismiss is granted.
The court respectfully suggests that the Legislature enact additional subdivisions to section 310.70 to cover all the possible situations that can arise when a jury agrees on one or more counts in an indictment but deadlocks on other counts. It is not difficult to perceive the “ Pandora’s box ” of confusion and injustice that could arise unless clarification is had. For example, an individual could be charged in a three-count indictment with murder, manslaughter in the first degree, and manslaughter in the second degree, all arising from the same homicide. If the jury returned a not-guilty verdict on the murder count but deadlocked on the other two, the individual should be retried on the unresolved counts. Yet since these are concurrent counts, the present wording of subdivision 2 of CPL 310.70 would require a dismissal. While in the instant case the dismissal is probably in the interests of justice, the result in the afore-mentioned “ hypothetical ” clearly is not. The court does not believe the Legislature intended such a result, yet this is precisely what could happen unless the statute is changed.