Moses M. Weinstein, J.
Defendant moves post-trial (1) to prohibit the People from retrying him on the second count of the indictment and (2) to set aside the conviction as being an inconsistent verdict.
The defendant was charged in a three-count indictment with attempted assault in the first degree (Penal Law, §§ 110.00, 120.10), attempted assault in the second degree (Penal Law, §§ 110.00, 120.05, subd 3) and possession of weapons and dangerous instruments and appliances as a felony (prior conviction) (Penal Law, § 265.05, subd 9).
The three counts of the indictment relate to the single act of threatening a police officer with a knife. The jury returned a verdict acquitting the defendant on the first count, deadlocking on the second count, and convicting the defendant on the third count.
CPL 310.70 governs the rendition of a partial verdict and the effect thereof. As originally enacted, the CPL prohibited a retrial on an unresolved count unless it was consecutive. "Upon the rendition of a partial verdict pursuant to subdivision one, a defendant may be retried upon an unresolved count of an indictment when such unresolved count is consecutive, as that term is defined in subdivision two of section 300.30 as to every count upon which the jury did render a verdict, whether of guilty or not guilty.” (CPL 310.70, subd 2; L 1970, ch 996.) CPL 300.30 (subd 2) defines "consecutive counts” to mean: "two or more counts of an indictment upon which consecutive sentences may be imposed in case of conviction thereon.”
Since the defendant could not receive consecutive sentences had he also been convicted of the deadlocked second count, the People would have been precluded from retrying the defendant under CPL 310.70 as originally enacted.
The Legislature amended CPL 310.70 (subd 2) at the urging of Supreme Court Justice Vito J. Titone (People v Seymour, 74 Misc 2d 2) to read:
"Following the rendition of a partial verdict pursuant to *383 subdivision one, a defendant may be retried for any submitted offense upon which the jury was unable to agree unless:
"(a) A verdict of conviction thereon would have been inconsistent with a verdict, of either conviction or acquittal, actually rendered with respect to some other offense, or
"(b) the submitted offense which was the subject of the disagreement, and some other submitted offense of higher or equal grade which was the subject of a verdict of conviction, were so related that consecutive sentences thereon could not have been imposed upon a defendant convicted of both such offenses.”
In this case the jury deadlocked on the second count, attempted assault in the second degree (Penal Law, § 120.05, subd 3), "with intent to prevent Mark Stahl, a Peace Officer, from performing his lawful duty, did attempt to cause physical injury to Mark Stahl.”
Under CPL 310.70 as amended, a defendant may be retried on a deadlocked offense with two exceptions.
First, we must look at CPL 310.70 (subd 2, par [a]). If the defendant had been convicted of the unresolved offense, attempted assault in the second degree, would it be inconsistent with the verdict actually rendered on the other resolved counts, acquittal on attempted assault first degree and conviction on possession of weapons and dangerous instruments and appliances as a felony?
The CPL defines "inconsistent counts” as follows:
"Two counts are 'inconsistent’ when guilt of the offense charged in one necessarily negates guilt of the offense charged in the other.” (CPL 300.30, subd 5.)
" 'Inconsistency’ is generally understood to mean some logical impossibility or improbability implicit in the jury’s findings as to the various counts of the indictment”. (18 ALR3d 259, 287.)
In relation to the acquittal, it would not be inconsistent for a jury to acquit the defendant on the first count, attempted assault first degree, which requires an intent to cause "serious physical injury”, and convict the defendant of attempting to assault a police officer, as charged in the second count of the indictment, which only requires the victim to be a police officer performing his duties and omits the element of "serious physical injury”. A conviction for attempted assault on a *384 police officer would not necessarily negate a conviction for attempted assault first degree.
Comparing the deadlocked charge with the conviction for possession of weapons and dangerous instruments and appliances as a felony, a conviction for attempted assault second degree would not be an inconsistent verdict since the guilt on one does not necessarily negate the guilt of the other, nor are the "intent” elements the same.
Therefore, CPL 310.70 (subd 2, par [a]) does not preclude the People from retrying the defendant on the second count.
As for CPL 310.70 (subd 2, par Ob]), it applies only if the verdict of conviction is for an offense of higher or equal grade as the offense which was the subject of the disagreement and was so related that consecutive sentences thereon could not have been imposed.
The defendant was convicted of possession of weapons and dangerous instruments and appliances, a "D” felony, based on the fact the defendant had a prior criminal conviction. Attempted assault second degree, the unresolved offense, is also a "D” felony. Being of equal grade, the court must review the facts to determine whether consecutive sentences could be imposed. Here, the defendant was charged with attempting to assault an officer in the performance of his duties and possession of a knife with intent to use unlawfully against that same police officer.
Subdivision 2 of section 70.25 of the Penal Law states: "When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently.”
Here, the underlying act of each offense is the same. Had the defendant been convicted on two or all of the counts, his sentences would necessarily run concurrently. Therefore, under CPL 310.70 (subd 2, par [b]), the People are precluded from retrying the defendant on the unresolved offense, attempted assault in the second degree.
In his second motion, the defendant moves pursuant to CPL 330.30 to set aside the verdict as inconsistent. According to most authorities, consistency between the verdicts on the several counts of an indictment is unnecessary where the defendant is convicted on one but acquitted on others. It has *385 been held that each count in an indictment is to be regarded as if it were a separate indictment and consistency in a verdict is unnecessary. (Dunn v United States, 284 US 390; People v Haupt, 247 NY 369; People v Sciascia, 268 App Div 14, affd 294 NY 927; People ex rel. Troiani v Fay, 13 AD2d 999, cert den 368 US 1003.)
In order for a verdict to be set aside, it must be not merely inconsistent but "repugnant”. "When the indictment charges two crimes, each of which has identical elements, a finding of guilty on one but not the other is truly repugnant, as opposed to being merely inconsistent” (People v Bullis, 30 AD2d 470, 472; People v Blandford, 37 AD2d 1003.)
Looking at the conviction in relation to the other two counts, there is no repugnancy between the acquittal on the first count and the conviction on the third count. Clearly, the elements of attempted assault in the first degree and possession of weapons and dangerous instruments and appliances are not identical. One requires the intent to cause "serious physical injury”, the other only requires an "intent” to use the weapon or dangerous instrument unlawfully.
The question arises whether the second count, attempted assault in the second degree, upon which the jury deadlocked, is inconsistent with the third count, possession of weapons and dangerous instruments and appliances as a felony, upon which the defendant was convicted. Essential to the question of inconsistent verdicts is whether a deadlocked or "hung” jury constitutes a "verdict” at all. CPL 1.20 (subd 12) defines "verdict” as "the announcement by a jury in the case of a jury trial, or by the court in the case of a non-jury trial of its decision upon the defendant’s guilt or innocence of the charges submitted to or considered by it.”
The word "verdict” is derived from the latín "veredictum”, meaning a true declaration, and the meaning of the word "verdict” is a true saying. A verdict is a definitive answer of the jury and is sufficient in form if it decides the question in issue in such way as to enable the court to enter judgment. "[A] report of the foreman * * * that they have not agreed is not a verdict.” (Appelt v Timpone, 195 Misc 68, 73, revd on other grounds, 275 App Div 1046.)
Therefore, the court finds as a matter of law that the jury has returned no verdict in regard to the second count of the indictment. Defendant’s motion to set aside the verdict of *386 conviction on the third count as inconsistent is therefore denied.