Charles G. Tierney, J.
This is an oral motion wherein the defendant seeks a remedy in the nature of writ of prohibition, prohibiting the District Attorney from retrying the defendant under the first count of the indictment charging as a lesser included offense the crime of manslaughter in the first degree, on grounds of: (1) collateral estoppel as embraced in the principle of double jeopardy and (2) the illegal application of an ex post facto statute.
Defense counsel waived the presence of the defendant at the hearing conducted by this court on July 24,1975, whereat this court informally denied the defendant’s motion pending this formal written decision.
Defense counsel and the District Attorney, for purposes of determining this motion, entered into the following stipulations of fact at that hearing:
The defendant was indicted on December 6, 1973 under Indictment No. 3602/73 which charged him with the crimes of murder, attempted murder, possession of a weapon as a felony, and reckless endangerment in the first degree; all of which crimes were allegedly committed on November 20, 1973. Under this indictment the defendant was brought to trial on May 12, 1975 before Mr. Justice Donald Sullivan, Bronx Supreme Court, and after summations, Justice Sullivan on May 15, 1975 charged the jury on all the crimes contained in that indictment; and in addition, at defense counsel’s request, the crime of manslaughter in the first degree was charged in the alternative under the first count of the indictment, charging common-law murder. On May 16, 1975, after the jury had indicated it had reached a verdict on the first count, charging murder, but had failed to reach verdicts on the other charges submitted, Justice Sullivan, pursuant to CPL 310.70 ordered the jury to render its verdict with respect to the murder charge. That verdict was not guilty, and, after determining that the jury was hopelessly deadlocked as to the other counts, he discharged the jury.
As a result of that action, the defendant was found not guilty on the first count of murder; but, on the lesser included offense of manslaughter in the first degree, which was not contained in the indictment, but which was charged in the alternative to the first count charging murder, there was no determination. Similarly, as to the other crimes which were contained in the indictment, namely, attempted murder, pos *1066 session of a weapon as a felony and reckless endangerment in the first degree, there were no determinations.
Defense counsel further stipulates that as to the crimes of attempted murder, possession of a weapon as a felony, and reckless endangerment in the first degree there are no ex post facto or double jeopardy issues and, he agrees the defendant may legally be retried on these three crimes. However, he does object and posits the double jeopardy and collateral estoppel claims that since the jury returned a not guilty verdict on the crime of murder, as originally contained in the indictment, and since the crime allegedly occurred on November 20, 1973, that, therefore, he may not be retried on the undetermined alternative charge of manslaughter in the first degree. The applicable CPL 310.70, as it read on November 20, 1973, the date of the alleged crime, would prohibit such a retrial on that charge. He also contends it would violate the rationale of Ashe v Swenson (397 US 436).
The District Attorney, on the other hand, argues that CPL 310.70, as amended by the Legislature effective September 1, 1974, should apply as it read as of May 16, 1975, the date of the verdict, and therefore a retrial on this charge of manslaughter in the first degree is not prohibited because of the Fifth Amendment right prohibiting double jeopardy nor is it an application of an ex post facto law.
Prior to the amendment of CPL 310.70, effective September 1, 1974, this defendant undoubtedly could not be retried on the manslaughter in the first charge under subdivision 2 of that section which read as follows: "2. Upon the rendition of a partial verdict pursuant to subdivision one, a defendant may be retried upon an unresolved count of an indictment when such unresolved count is consecutive, as that term is defined in subdivision two of section 300.30, as to every count upon which the jury did render a verdict, whether of guilty or not guilty.”
CPL 300.30 (subd 2) read as follows: "’Consecutive Counts’ means two or more counts of an indictment upon which consecutive sentences may be imposed in case of conviction thereon.”
Since the manslaughter in the first degree charge here is a lesser included concurrent inclusory count to the crime of murder, as charged in the indictment, it would not qualify to be retriable since only consecutive undetermined counts could *1067 be retried under the law prior to the September 1, 1974 amendment.
However, the Legislature amended CPL 310.70 (subds 2, 3; L 1974, ch 762, § 1, eff Sept. 1, 1974) to read as follows:
"2. Following the rendition of a partial verdict pursuant to subdivision one, a defendant may be retried for any submitted offense upon which the jury was unable to agree unless:
"(a) A verdict of conviction thereon would have been inconsistent with a verdict, of either conviction or acquittal, actually rendered with respect to some other offense, or
"(b) The submitted offense which was the subject of the disagreement, and some other submitted offense of higher or equal grade which was the subject of a verdict of conviction, were so related that consecutive sentences thereon could not have been imposed upon a defendant convicted of both such offenses.”
Subdivision 3 defines "submitted offense” as "[meaning] any offense submitted by the court to the jury, whether it be one which was expressly charged in a count of the indictment or a lesser included offense thereof submitted pursuant to section 300.50.”
The impact and significance of the modification of those subsections is probably best described in a footnote to a Syracuse Law Review article entitled Criminal Procedure, by Travis H. D. Lewin (26 SR 65, 103, n 194): "An important change to the statute governing the power of reprosecution following the rendition of a partial verdict was made by the 1974 Legislature. NY CPL § 310.70 (McKinney Supp 1974). Prior to the amendment, in the case of a partial verdict, the only unresolved counts of an indictment that could be retried were those that were consecutive as that term is defined in NY CPL § 300.30 (McKinney 1971). Thus, where an indictment to charge a defendant with murder and manslaughter involves the same victim, and where the jury finds the defendant not guilty as to the murder charge but deadlocks as to the manslaughter charge, the former statute would have prohibited retrial on the manslaughter count. Spurred by a lower court criticism in People v Seymour, 74 Misc 2d 2, 343 NYS2d 727 (Sup Ct, Kings Co. 1973), the Legislature passed an amendment which provides that a defendant may be retried for any submitted offense upon which the jury was unable to agree, with two exceptions. The first provides that retrial on the unresolved count is prohibited when a verdict of con vie *1068 tion on that count would be inconsistent with a verdict of either conviction or acquittal on the resolved count. The second exception prohibits retrial where the unresolved count and another submitted offense of equal or higher grade upon which a verdict of conviction was reached are so related that 'consecutive sentences thereon could not have been imposed upon a defendant convicted of both such offenses.’ Thus, the new statute substantially broadens the power of the People to reprosecute in the face of partial verdicts of acquittal. (See NY CPL § 310(2)(b) McKinney Supp 1974).”
In the instant case, the court noted, and both counsel stipulated at the hearing, that the two tests as postulated by CPL 310.70 (subd 2, pars [a], [b]) are inapplicable since the factual outcome of the verdict of May 16, 1975 fits neither of those criteria. As to the test of CPL 310.70 (subd 2, par [a]) there were no verdicts of conviction at all, and as to CPL 310.70 (subd 2, par [b]) it, too, is inapplicable because of the absence of a conviction verdict, as well as, the fact that here, in regard to the murder and the charged down manslaughter in the first degree, we are dealing with concurrent and not consecutive counts. This crime involved one particular victim, on one particular occasion and therefore is concurrent for that reason, as well as, because of the fact that it was charged down from the initial count of murder.
The manslaughter in the first degree count as a "charged down”, or lesser included offense, certainly fits within the definition of a "submitted offense”, as defined by the amended CPL 310.70 (subd 3) and by its very nature is a concurrent crime to the crime of murder.
Essentially, in this case, there are two questions to be determined. They are:
1. If the amended version of CPL 310.70 applies, does it result in the application of an ex post facto law? and,
2. If the amended version applies, should it result in the application of the principle of "collateral estoppel” as embraced in the Fifth Amendment right prohibiting double jeopardy?
The Criminal Procedure Law itself, by virtue of CPL 1.10 (subd 2) provides that, "[t]he provisions of this chapter apply to (a) all criminal actions and proceedings commenced prior to the effective date thereof but still pending on such date”. Therefore, by legislative enactment the provisions of CPL 310.70, as amended effective September 1, 1974, would apply *1069 in this case. However, defense counsel argues that this would result in the application of an ex post facto law since the crime and the resultant indictment occurred prior to the effective date of the amended statute. This court rejects that argument as without merit (see, also, Matter of Di Lorenzo v Murtagh, 36 NY2d 306; People v Paczovski, 81 Misc 2d 381).
The effect of the application of CPL 310.70 on this defendant, and in this case, by no measure fits the definition or standards of that which constitutes an ex post facto law. In People v Pfitzmayer (72 Misc 2d 739, 740), the learned Justice Lyman H. Smith discussed those standards in the following terms:
"In 1798 in the case of Calder v Bull, (3 Dallas [3 US] 386, 390) the United States Supreme Court announced what is now considered to be the classic definition of an ex post facto law:
"1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action.
"2nd. Every law that aggravates a crime, or makes it greater than it was, when committed.
"3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.
"4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, then the law required at the time of the commission of the offense, in order to convict the offender.”
Defense counsel also poses the double jeopardy issue, citing Ashe v Swenson (397 US 436, supra). The court has analyzed Ashe and finds that the rationale and underlying principles espoused there are applicable to this case but because of the factual differences of both cases Ashe is inappropriate under the circumstances involved in the case in question.
In Ashe the petitioner was tried and acquitted of a robbery and related crimes due to the inability of witnesses to identify him as one of the perpetrators. Subsequently, he was tried and convicted for the same crimes arising out of the same alleged robbery but involving a separate victim. In other words, he was retried and convicted on the same evidence. The Supreme Court in reversing that conviction stated (p 445), "Straightforward application of the federal rule to the present case can lead to but one conclusion. For the record is utterly *1070 devoid of any indication that the first jury could rationally have found that an armed robbery had not occurred, or that [another person] had not been a victim of that robbery. The single rationally conceivable issue in ..dispute before the jury was whether the petitioner had been one of the robbers. And the jury by the verdict found that he had not. The federal rule of law, therefore, would make a second prosecution for the robbery of [the defendants] wholly impermissible.”
In the instant case, this court must conclude as a result of the verdict that although the jury necessarily considered only one of the two issues available, namely, murder — "intent to kill” and not manslaughter in the first degree — "intent to inflict serious physical injury”. Therefore, the People cannot be collaterally estopped from retrying the crime of manslaughter in the first degree since it does not violate the principle enunciated in Ashe (supra, p 443): " 'Collateral estoppel’ is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.”
The court went further in Ashe (p 444), "The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of the 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.’ The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.’ Selafon v United States, 332 US 575, 579. Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal.” (Footnotes omitted.)
In the case at bar, had the jury acquitted the defendant of *1071 the crime of manslaughter in the first degree, he would by inference also have been acquitted of the higher grade of homicide, namely, murder. However, the reversé is not true for although one must conclude that an acquittal of the murder count necessárily and logically implies the jury’s consideration and rejection of the murder issue involving "intent to kill resulting in death”; it does not imply that the jury considered the crime of manslaughter in the first degree or its elements, particularly "intent to inflict serious physical injury resulting in death”, at all. Therefore, the issue of ultimate fact embraced by the element of manslaughter in the first degree, namely, "intent to cause serious physical injury resulting in death”, was never determined by a final and valid judgment and as a result that issue can again be relitigated. Consequently, by statute, CPL 310.70, and by common law this holding presents no violation of the prohibition against double jeopardy nor does it result in the imposition of an ex post facto law (see, also, People v Fernandez, 43 AD2d 83).
Another fact of counsel’s argument which until this point the court has deferred, is the fact that the Legislature provided no provision for the amendment of an indictment in a case such as this. The District Attorney is now faced with the problem of having in the indictment a murder count upon which the defendant has been acquitted while at the same time he possesses the right to prosecute on a manslaughter in the first degree charge not now expressly contained in the indictment. Defense counsel argues that this necessitates a representment to the Grand Jury. The court disagrees not only due to the power granted by CPL 200.70 to amend indictments "before or during trial” but also because it is of the opinion that as a result of the requested charge down to manslaughter in the first degree, the trial court at the initial trial inferentially and by operation of law amended the indictment to contain a manslaughter in the first degree count. Therefore, it is ordered that the District Attorney at the retrial may maintain that the defendant stands indicted and is charged with the crimes of manslaughter in the first degree, attempted murder, possession of a weapon as a felony, and reckless endangerment in the first degree.
The defendant’s motion is denied in all respects in accordance with this decision.