■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE COLCLOUGHLEY, Appellant, v ERNEST L. MONTANYE, as Superintendent, Respondent.— Judgment unanimously affirmed. Memorandum: Relator appeals from a judgment dismissing his habeas corpus petition to vacate that part of the judgment of the Supreme Court, New York County, which convicted him of burglary in the second degree on which he was sentenced to 5 to 15 years' imprisonment. In the same judgment relator was convicted on four other counts, and the sentences therein were all made to run concurrently, one of said counts being for robbery, first degree, for which he was sentenced from 6½ to 20 years' imprisonment. Upon the trial, before the jury was brought in to hear the evidence, the District Attorney acknowledged to the court and relator's attorney that the evidence would establish that the burglary occurred at about 7:00 P.M. on a summer day, and since it was then daylight it would constitute burglary in the second degree (Penal Law, § 140.25) instead of first degree (Penal Law, § 140.30), and he asked leave to amend the first count of the indictment accordingly. With the consent of relator's attorney the court so amended the indictment. Upon the relator's conviction on all five counts, he appealed to the Appellate Division, First Department, contending, among other things, that the court was without authority to amend the first count of the indictment before the receipt of evidence, citing section 295-j of the Code of Criminal Procedure and *People v Brumfield* (31 AD2d 726). Before that appeal was argued relator instituted a habeas corpus proceeding in Wyoming County Court asking that court, for the above reason, to vacate the judgment insofar as it convicted him of burglary in the second degree. The court, in apparent agreement with relator, entered an order providing only, "that the Relator be remanded to the custody of the authorities of New York County for further proceedings upon the First Count of the Indictment, if any are desired". Pursuant to that order, relator was returned to New York County where he was held "in the bull pen" for nearly a year. During that time the following occurred: (1) relator moved for resentence, and the motion was denied; (2) his appeal from the judgment of conviction was argued in the Appellate Division, First Department, and the judgment was unanimously affirmed (39 AD2d 1016); (3) he applied to the Court of Appeals for leave to appeal, and it was denied; (4) pending the application to the Court of Appeals relator instituted a habeas corpus proceeding in the United States District Court for the Southern District of New York for like relief, asserting that he had been denied due process of law, and his petition was denied. Relator then instituted this habeas corpus proceeding in Wyoming County Court, renewing his application for the

relief previously sought there and which he contends was granted to him by the prior Wyoming County Court order remanding him to New York County. This appeal is from the order of that court denying such petition. Relator contends that since no appeal was taken from the prior Wyoming County Court order and it has not been set aside, the action of the Appellate Division, First Department, in hearing the appeal from his conviction on the first count of the indictment was academic, and that so much of his conviction should be vacated. He relies on *People v Schildhaus* (8 NY2d 33). The prior Wyoming County Court order did not vacate relator's conviction on the first count of the indictment, that is, burglary, second degree, and so the principle enunciated in *Schildhaus (supra)* is not applicable. The affirmance of relator's conviction precludes the present petition to vacate the conviction on the first count because of the amendment. Indeed, since relator's appeal was pending when he originally petitioned Wyoming County Court for relief on the very same ground (a fact which apparently was not made known to the court), that court should not have entertained the petition. Moreover, the original first count of the indictment, to wit, burglary, first degree, embraced burglary in the second degree as a lesser included crime, and no amendment was necessary to sustain relator's conviction of burglary in the second degree; and relator was not prejudiced by the amendment. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.