*634
 
 OPINION OF THE COURT
 

 Cooke, J.
 

 Based on an incident at a bar in Queens County on May 18, 1973, during which one of the patrons suffered a serious knife wound, defendant was indicted for attempted murder, assault in the first degree, and possession of weapons and dangerous instruments and appliances as a felony. Defendant was tried twice, and the issue before us is whether a partial verdict rendered in the first trial barred the second prosecution.
 

 The first trial lasted five days. After deliberating until one in the morning, the jury reached agreement on one count but indicated that it was hopelessly deadlocked on the other two counts of the indictment. At the request of the Trial Justice, the jury rendered its verdict of not guilty with respect to the charge of attempted murder. Upon the court’s inquiry to counsel as to whether the panel should be sent back for further deliberations, defendant responded by asking for a mistrial, and the jury was excused.
 

 Defendant thereafter moved to prohibit the People from retrying him, but the motion was denied and the second trial resulted in convictions for the remaining two counts of the indictment. Upon appeal, the Appellate Division modified by reversing the conviction for possession of weapons, instruments and appliances, as a felony, and dismissing said count, but rejected the contention that his retrial on the unresolved concurrent counts was barred.
 

 CPL 310.70 concerns the rendition of partial verdicts and their effect. At the time of the trial of defendant, subdivision 2 of the statute provided: "Upon the rendition of a partial verdict pursuant to subdivision one, a defendant may be retried upon an unresolved count of an indictment when such unresolved count is consecutive, as that term is defined in subdivision two of section 300.30, as to every count upon which the jury did render a verdict, whether of guilty or not guilty” (L 1970, ch 996, § 1).
 
 *
 

 
 *635
 
 "Consecutive counts” of an indictment are those upon which consecutive sentences may be imposed following conviction and are distinguished from "concurrent counts” where only concurrent sentences may be given (CPL 300.30, subds 2, 3). Consecutive sentences are authorized where the crimes charged are not the result of a "single act”, but instead emanate from "separate successive acts” (see Penal Law, § 70.25, subd 2; see, e.g.,
 
 People v Tanner,
 
 30 NY2d 102, 108).
 

 In the instant case, all of the counts of the indictment relate to one inseparable event — the defendant’s .alleged attack upon the victim which included the cutting or stabbing with a knife. A consecutive sentence could not have been imposed upon conviction for all of the charges since they were the result of a single act (see Penal Law, § 70.25, subd 2). Hence, upon rendition of a partial verdict of acquittal, since the unresolved counts were concurrent rather than consecutive, defendant could not be retried under CPL 310.70 (subd 2) as then written (compare
 
 Matter of Di Lorenzo v Murtagh,
 
 36 NY2d 306).
 

 In holding that defendant’s second trial was barred, we reject the assertion that defendant’s request for a mistrial removed the statutory impediment to retrial. That this argument is without merit may be demonstrated by examining another section of the CPL. When a jury is discharged before rendition of any verdict, the statute contemplates counsel’s consent as an alternative ground, and provides for retrial with virtually no limitation (CPL 310.60). This contrasts sharply with CPL 310.70 (subd 2), as then drafted, which makes no mention of counsel and envisions retrial following a partial verdict of only a specific type of count. The point is that the express wording of the statute in question does not allow retrial of anything but consecutive counts. Whether the court decided to grant a mistrial or to send the jury back for further deliberation, once the partial verdict was rendered, the unresolved concurrent counts could not be the subject of a second trial. Therefore, the fact that defendant moved for a mistrial could not serve to remove the statutory bar to retrial.
 

 
 *636
 
 The foregoing analysis is also relevant with respect to the People’s assertion that the statute was never intended to bar retrial following
 
 a
 
 partial verdict of acquittal as distinguished from conviction. While the People have fashioned an argument based on prior law, the express terms of the statute do not even suggest that the Legislature intended any such distinction. Indeed, that the wording of the former subdivision might mandate dismissal under the circumstances presented here was a subject of concern (see
 
 People v Seymour,
 
 74 Misc 2d 2 [Titone, J.]) and resulted in the previously noted amendment (see Bellacosa, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 310.70, Pocket Part [1977-1978], pp 255-256). The court should not strain for an interpretation for which there is no express or even infer-able foundation in the statute itself, and therefore this argument too must be rejected.
 

 Accordingly, for the reasons stated, the order of the Appellate Division should be reversed and the indictment dismissed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order reversed, etc.
 

 *
 

 The law has since been amended (L 1974, ch 762, eff Sept. 1, 1974), but the amendment is inapplicable to this case since the partial verdict here was rendered in December of 1973. The relevant subdivisions, as revised, are as follows:
 

 "2. Following the rendition of a partial verdict pursuant to subdivision one, a defendant may be retried for any submitted offense upon which the jury was unable to agree unless:
 

 "(a) A verdict of conviction thereon would have been inconsistent with a verdict, of either conviction or acquittal, actually rendered with respect to some other offense, or
 

 "(b) The submitted offense which was the subject of the disagreement, and some
 
 *635
 
 other submitted offense of higher or equal grade which was the subject of a verdict of conviction, were so related that consecutive sentences thereon could not have been imposed upon a defendant convicted of both such offenses.
 

 "3. As used in this section, a 'submitted offense’ means any offense submitted by the court to the jury, whether it be one which was expressly charged in a count of the indictment or a lesser included offense thereof submitted pursuant to section 300.50.”