(August 8, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO GONZALES, Also Known as ALBERTO GONZALES, Appellant. — Motion by defendant for leave to reargue the appeal resulting in an order of this court dated March 7, 1983 (92 AD2d 873), which reversed a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered August 30, 1979, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and ordered a new trial. Motion granted and, upon reargument, the decretal paragraph of our decision and order both dated March 7, 1983 is deleted and the following is substituted therefor: "Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered on the present indictment solely with respect to the count of criminal possession of a weapon in the second degree, and indictment otherwise dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (see *People v Beslanovics,* 57 NY2d 726)." Gibbons, Weinstein and Rubin, JJ., concur.

Titone, J. P., dissents and votes to deny the motion for reargument, with the following memorandum: Defendant was charged in a multicount indictment with, *inter alia,* murder in the second degree and criminal possession of a weapon in the second degree. At trial, he was convicted of manslaughter in the first degree, which was submitted to the jurors as a lesser included offense of the murder count (CPL 300.50, subd 1), and criminal possession of a weapon in the second degree. By decision and order of this court, both dated March 7, 1983 (92 AD2d 873) the judgment was reversed and a new trial ordered. On this motion, defendant contends that, because he was convicted of a lesser included offense not contained in the original indictment, he may not be retried for manslaughter under the present accusatory instrument. I disagree. Defendant's conviction was reversed as a result of what this court perceived to be error occurring during the course of his trial. Pursuant to CPL 470.20 (subd 1), in such circumstances, this court *"must * * * order a new trial of the accusatory instrument and remit the case to the criminal court for such action"* (emphasis supplied; see *People v Allen,* 39 NY2d 916). Upon such retrial, the accusatory instrument contains all of its original counts and charges *except* those on which the defendant "was acquitted or deemed to have been acquitted" (CPL 470.55, subd 1).[1] By operation of law, the count of the indictment charging murder in the second degree is considered to encompass every lesser included offense as well (*People ex rel. Colcloughley v Montanye,* 49

1. This is a stark contrast to CPL 310.60 (subd 2), construed in *People v Mayo* (48 NY2d 245, 248, n 1), which provides that a defendant may be retried following the declaration of a mistrial with *all* counts contained in the indictment reinstated, including those dismissed during trial for evidentiary insufficiency. In other words, that section lacks an excising provision like CPL 470.55.

AD2d 1034, 1035; see, e.g., *People v Pawley,* 71 AD2d 307, 312; *People v Leichtweis,* 59 AD2d 383, 387). Inasmuch as the jury verdict convicting the defendant of the lesser included offense of manslaughter in the first degree is regarded as an implied acquittal of the greater count of murder (CPL 300.40, subd 3, par [b]; see *People v Ressler,* 17 NY2d 174), the indictment by virtue of CPL 470.55, is deemed to now contain only the manslaughter charge on that count (*People v Moorehead,* 82 Misc 2d 1064, 1071). There is no need to dismiss the present accusatory instrument and require the People to recommence Grand Jury proceedings from scratch (see *People v Graham,* 36 NY2d 633; *People v Moorehead, supra*). Prior to retrial, the People may apply to amend the indictment, pursuant to CPL 200.70, to delete the charge of murder in the second degree and substitute a charge of manslaughter in the first degree. Indeed, an amendment is a ministerial act (*People v Moorehead, supra*) as, by definition, the submission of a lesser included offense must be consistent with the theory of the People's case as presented to the Grand Jury (see *People v Glover,* 57 NY2d 61, 64). This standard procedure has been followed by the trial courts (*People v Moorehead, supra*) and has received the implicit approval of the Court of Appeals in *People v Graham* (*supra*). Surely, there is no constitutional proscription against it (see *People ex rel. Prince v Brophy,* 273 NY 90, 98-99; *Mildwoff v Cunningham,* 432 F Supp 814, 817; see, generally, Indictment-Amendment-Circumstances, Ann., 17 ALR3d 1285). Appellate courts have been recently admonished to take into account the concerns of victims and witnesses prior to directing further judicial proceedings in criminal cases (*United States v Hasting,* 461 US __, 33 Crim L Rptr 3091, 3093; *Morris v Slappy,* 461 US __, 75 L ed 2d 610, 621-622). A second presentment to the Grand Jury will require an additional appearance of witnesses for no substantive purpose. The time, expenditure and effort placed on these individuals, as well as on the judicial system itself, is not counterbalanced by any meaningful protection to the accused. I do not view *People v Beslanovics* (57 NY2d 726), a brief memorandum decision made on review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]) as overriding the corrective action dictated by the express provisions of the CPL. *Beslanovics* (*supra*) offered no explanation for the radical departure from established New York law (see Pitler, NY Criminal Practice Under the CPL, §§ 14.46, 14.48).[2] As the Court of Appeals itself has observed, cases in which the corrective action undertaken deviates from that specified by the CPL do not constitute a precedent for such a procedural disposition in the future if the applicable CPL provisions are neither cited nor discussed and no "supporting rationale for the unusual result" is offered (*People v Allen,* 39 NY2d 916, 918, *supra;* see, also, *People v Rickert,* 58 NY2d 122, 133, n 4; cf. *People v Hobson,* 39 NY2d 479, 490 ["a precedent is less binding if it is little more than an ipse dixit, a conclusory assertion of result, perhaps supported by no more than generalized platitudes"]). At best, *Beslanovics* (*supra*) is an "errant footprint barely hardened overnight" which we are cautious not to treat "as an inescapable mold for future travel" (*People v Hobson, supra,* p 488). Thus, unless CPL 470.25 (subd 1) is unconstitutional — and I perceive no basis to conclude that it is — we are obligated to follow its mandate. In any

2. *People v Villani* (59 NY2d 781) was decided in the same procedural manner as *People v Beslanovics* (57 NY2d 726) again without explanation. On the other hand, in *People v Zaborski* (59 NY2d 863), a new trial on the lesser included charge was directed.

To the extent that this court may have followed an inconsistent course in decisions in which I have concurred, I find myself in the same circumstances as Justice Jackson in *McGrath v Kristensen* (340 US 162, 178 [Jackson, J., concurring]) and invoke all the "ways of gracefully and good-naturedly surrendering former views to a better considered position".

event, as an intermediate appellate court we have an obligation to bring this question to the attention of the Court of Appeals so that it can clarify, or correct, a perceived error (see Hopkins, The Role of Intermediate Appellate Court, 41 Brooklyn L Rev 459). Therefore, as in *People v Santiago* (51 AD2d 1, 7, revd 40 NY2d 990, cert den *sub nom. New York v Luis J.,* 431 US 908), I invite the People to make an application for permission to appeal to the Court of Appeals. Although our reversal is not predicated on the law alone, an appeal to the Court of Appeals could still be taken by the People on the ground that the corrective action we have directed is illegal (CPL 450.90, subd 2, par [b]; see *People v Mackell,* 40 NY2d 59, 61-62; *People v Crimmins,* 36 NY2d 230, 236).