OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant, having been indicted for manslaughter in the second degree (Penal Law, § 125.15), moves to dismiss the indictment upon the ground that the prosecution herein is untimely under the applicable Statute of Limitations. (CPL 210.20, subd 1, par [f]; 30.10, subd 2, pars [a], [b]; see People v O’Neil, 107 Misc 2d 340, 341.) The court has also reviewed the Grand Jury minutes and finds the evidence sufficient to support the charge filed herein and the proceedings to have conformed in all respects with the procedures outlined in the defendant’s motion.
The incident for which the defendant stands indicted occurred in March, 1978. The defendant was initially charged in July, 1978 under a single-count indictment with murder in the second degree (Penal Law, § 125.25). The defendant was convicted after trial by jury of the lesser included offense of manslaughter in the second degree on *977 June 10,1980. That conviction was set aside by the Appellate Division (83 AD2d 512) for evidentiary errors at trial and a new trial was ordered in July, 1981. The order of the Appellate Division was affirmed by the Court of Appeals (57 NY2d 645) in July, 1982. The defendant was reindicted under the instant indictment on June 24,1983. The defendant argues that the new indictment constitutes a prosecution, ab initio, of the charge of manslaughter in the second degree and is consequently barred by the five-year Statute of Limitations applicable to felonies other than “class A” felonies (CPL 30.10, subd 2, par [b]). The People respond that the new indictment is a continuation of the prosecution which was timely commenced in July, 1978, and that the interval between the Appellate Division’s order of a new trial and the representation of the instant indictment was tolled by operation of statute (CPL 30.10, subd 4, par [b]). The cited section provides, in relevant part, that “when an accusatory instrument upon which * * * [a timely] prosecution is based is subsequently dismissed by an authorized court under directions or circumstances permitting the lodging of another charge for *** an offense based on the same conduct, the period extending from the commencement of the thus defeated prosecution to the dismissal * * * does not constitute a part of the period of limitation applicable to * * * [the] new charge.”
The defendant argues that this section is inapplicable, insofar as the original indictment was not “dismissed by an authorized court under directions or circumstances permitting the lodging of another charge”, which the defendant interprets as referring to orders for re-presentation before a Grand Jury under CPL 210.20 (subd 4).
The dismissal of the initial indictment was the consequence of a CPLR article 78 proceeding brought by the defendant to preclude renewed prosecution upon the original single-count murder indictment, upon double jeopardy grounds. The People consented to dismiss the indictment in accordance with the Court of Appeals ruling in People v Mayo (48 NY2d 245), that where reprosecution of the sole count of an indictment is barred by double jeopardy principles (see People v Key, 45 NY2d 111), the indictment must be dismissed and any further prosecution of a lesser *978 included offense upon which the defendant may be retried, owing as here for example to a conviction therefor upon the first trial, must be “pursuant to a new indictment” (48 NY2d, at p 253). The purpose of obtaining a new indictment reflecting only the lesser charge is to avoid the danger that the verdict may be “influenced by the looming presence” of the greater charge of which the defendant was previously acquitted, even though that charge is withdrawn from the jury’s consideration (48 NY2d, at p 251). The prevailing practice apparently had been to amend the single-count indictment under such circumstances to substitute the lesser included offense for the original greater charge. (Cf. People v Moorehead, 82 Misc 2d 1064, 1071; People ex rel. Colcloughley v Montanye, 49 AD2d 1034, 1035.) However, recent application of the holding in Mayo (supra) by the Court of Appeals in instances where there has been a conviction upon a lesser offense included within the offense charged in a single-count indictment, dictates that the indictment must be dismissed. (See, e.g., People v Beslanovics, 57 NY2d 726, 727.) This procedure has been criticized by at least one intermediate appellate court. (See People v Gonzales, 96 AD2d 847, 848 [dissenting opn, Titone, J. P.].)
However, dismissal of the original indictment under such circumstances does not, in this court’s view, constitute a termination of the prosecution which requires de novo application of the Statute of Limitations to the new charge without regard to the prior proceedings.
The prosecution may not circumvent the Statute of Limitations by appending otherwise time-barred offenses to charges as to which the statute has not run. Therefore, for example, a conviction for a lesser offense as to which the Statute of Limitations had expired as of the time of the initial indictment may not be sustained by the tactic of charging a greater inclusory offense as to which the Statute of Limitations has not yet run. (See People v Lohnes, 76 Misc 2d 507; People v Di Pasquale, 161 App Div 196.) Similarly, the prosecution may not initiate new charges as to which the Statute of Limitations has run, upon representation of an otherwise timely indictment which had been dismissed upon procedural grounds, solely by virtue *979 of the relation of the new time-barred offenses and of the previous timely charges to the same conduct. (People v Bellamy, 94 Misc 2d 1028, 1032-1033.) Offenses which are included within the offense charged in the indictment and which are timely when the indictment is initially brought, however, survive the dismissal of the greater charge by acquittal or by an appellate court, and upon remand for a new trial, the indictment “is deemed to contain all the counts [not theretofore dismissed upon appeal] and to charge all the offenses [upon which there has been no express or implied verdict of acquittal] which it contained and charged at the time the previous trial was commenced”. (CPL 470.55, subd 1; emphasis added; see, also, CPL 300.40, subd 3, par [b].) The instant charge of manslaughter in the second degree, of which the defendant was convicted at the initial trial, was included within the initial charge of murder in the second degree, and the initial indictment, upon the appellate courts’ order of a new trial, is deemed to charge the surviving included count. (See People v Gonzales, 92 AD2d 873, mod 96 AD2d 847, supra.)
The subsequent dismissal of the indictment and representation in accordance with People v Mayo (supra) (see People v Beslanovics, 57 NY2d, at p 727, supra) was not a determination of the charges upon the merits, but was entirely procedural and remedial, designed to avoid prejudice to the defendant upon double jeopardy grounds. That the re-presentation and vote of a new indictment did not constitute a de novo prosecution is apparent from the fact that all of the elements of the instant charge were implicitly found by the first Grand Jury which voted the indictment for murder in the second degree, by the petit jury which convicted the defendant of manslaughter in the second degree, and by the appellate courts which ordered a new trial upon the instant charge. (Cf. People v Graham, 36 NY2d 633, 639.)
It is of no significance that the appellate courts did not explicitly dismiss the indictment in conjunction with the order of a new trial, or did not explicitly authorize a resubmission to the Grand Jury of the surviving charge. (Cf. CPL 210.20, subd 4, par [b].) In light of Mayo (supra) *980 and Beslanovics (supra), the appellate order of a new trial upon the surviving charge of manslaughter implicitly required dismissal of the original murder indictment and resubmission of the manslaughter charge to a new Grand Jury. (Cf. People v Gonzales, 96 AD2d 847, supra.)
A similar circumstance was presented under the former Code of Criminal Procedure in People v Kohut (30 NY2d 183). There the defendant was indicted in 1964 for conduct. which ended in 1960. The initial indictment was timely. The indictment was dismissed, however, upon the ground of improper venue. The subsequent indictment, limited to the same charges, was voted in July, 1965, beyond the five-year period of limitation applicable to felonies. (Code Crim Pro, § 142.) The Statute of Limitations then in effect contained a tolling provision indistinguishable from the present (CPL 30.10, subd 4, par [b]) section, which stated that whenever, inter alia, “a prosecution be commenced within the time limited therefor and, on motion or on appeal, the indictment be set aside or dismissed * * * the time during which the prosecution was pending shall not be computed as part of the time of the limitation prescribed for the offense”. (Code Crim Pro, § 144-a.) The Court of Appeals held that under the then prevailing rules of procedure, the dismissal of the indictment upon motion did not require an order of resubmission before prosecution could be continued in the appropriate jurisdiction. (Cf. CPL 210.20, subd 1, par [a], subd 4; 210.25, subd 2.) The relevance of Kohut to the instant case is that in the absence of a statute or rule which deemed the dismissal of the initial indictment to be a final determination, the initial and subsequent indictments were regarded as a single prosecution, despite the intervention of the five-year period of limitation between the dismissal of the first and the finding of the second indictment. The court noted that in such circumstances, “[u]nder CPL 30.10, subd. 4, par. b, there would be no question about the time extension of an earlier prosecution lawfully commenced” (30 NY2d, at p 193, n 3; cf. People v Kase, 76 AD2d 532, 535.)
Accordingly, this court finds that the initial indictment herein was “dismissed by an authorized court under * * * circumstances permitting the lodging of another charge for *981 * * * an offense based upon the same conduct” as that charged in the first indictment, and that, consequently, the instant indictment, which contains an offense so authorized by the appellate orders, is timely, the Statute of Limitations having tolled as of the appellate order directing a new trial. (CPL 30.10, subd 4, par [b].)
The motion to dismiss is denied.