■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNOLDS WALKER, Appellant. [597 NYS2d 22] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered August 8, 1991, convicting defendant, upon his guilty plea, of two counts of murder in the second degree, three counts of assault in the first degree, six counts of assault in the second degree, and riot in the first degree, and sentencing him to two terms of 18 years to life, three terms of 5 to 15 years, six terms of 2½ to 7 years, and a term of 1⅓ to 4 years, respectively, to run concurrently; and judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered August 9, 1991, convicting the defendant, upon his guilty plea, of attempted criminal sale of a controlled substance in the third degree, and sentencing him to a prison term of 2 to 6 years, to run consecutively to the previously imposed sentence, unanimously affirmed.

On July 30, 1990, the defendant and an accomplice sold cocaine to an undercover officer. The defendant pled guilty and was placed on interim probation. Then, on October 30, 1990, the defendant and six accomplices attacked a homeless man, who died as a result of the attack. Defendant inflicted fatal wounds, using a meat cleaver. At the August 8, 1991 sentencing for the murder charge, the defendant sought to withdraw his plea by stating that he did not murder the victim. The court properly denied the application. The plea was knowing and voluntary, and was not made otherwise by defendant's post plea assertion of innocence *(People v Billingsley,* 54 NY2d 960). The consecutive sentence imposed on August 9, 1991 was not excessive (Penal Law § 70.25; *see, People v Walsh,* 44 NY2d 631, 635). Concur—Milonas, J. P., Rosenberger, Ross and Kassal, JJ.