THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALEXANDER BIANCULLI, Respondent, against THOMAS McDONNELL, as Warden of the City Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Appeal by the People of the State of New York, from an order which sustained a writ of habeas corpus, discharged relator from the custody of the warden of the city prison, and directed that relator should remain in the custody of the Kings County Hospital, where he was then confined, pending a further order of the court. Order, insofar as it sustains the writ and discharges relator from the custody of the warden of the city prison, reversed on the law and the writ dismissed. Relator was indicted for the crime of murder in the second degree. The indictment contained but one count, charging that crime, but was sufficient to sustain a conviction of the crime charged, or of manslaughter. On the trial, at the conclusion of the People's case, the relator's attorney moved to dismiss the indictment for insufficiency of proof. The court denied the motion, and then stated that the motion would be granted with reference to murder in the second degree, and denied with reference to manslaughter. The court indorsed the indictment, accordingly, stating that the court had decided to take the question of murder in the second degree from the jury, and "submit the issue to the jury on the question of Manslaughter." Thereafter, at the end of the entire case, relator's attorney again moved to dismiss the indictment, on the same and on other grounds. These motions were denied, and the court charged the jury that relator could not be convicted of murder in the second degree, but that he might be convicted of manslaughter. The jury was unable to agree, was discharged, and the relator was remanded for retrial. The writ was sustained upon the grounds that the action of the trial court in granting the motion to dismiss "with reference to murder in the second degree" amounted to a dismissal of the entire indictment, since but one crime was charged therein, and the indictment was not amended, pursuant to sections

295-j and 295-k of the Code of Criminal Procedure; that there consequently remained no existing indictment or other process to which relator was amenable, and that section 32 of the Penal Law prohibited a retrial of relator on the charge of manslaughter. In our opinion this was error. *People ex rel. Poulos* v. *McDonnell* (302 N. Y. 89), cited at Special Term, may be readily distinguished. In that case, the indictment consisted of three counts. Count No. 1 was dismissed, and the jury acquitted the defendants on counts Nos. 2 and 3. In the instant case, the indictment was not dismissed, nor was relator acquitted of any charge submitted to the jury. What was meant, and what was done, on trial, amounted to no more than a holding that the relator could not, on the evidence, be convicted of murder in the second degree, and that the only charge for consideration by the jury was that of manslaughter in the first, or in the second degree. No amendment of the indictment was necessary. (Cf. *People* v. *Dowling,* 84 N. Y. 478, 481, 482; *Dedieu* v. *The People,* 22 N. Y. 178, 183–184; *People* v. *Miller,* 143 App. Div. 251; *People* v. *Zielinski,* 247 App. Div. 573, 574, and *People ex rel. Chalmers* v. *Foster,* 272 App. Div. 236.) Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.