OPINION OF THE COURT
Gabrielli, J.
Following a trial court’s decision to dismiss a charge of first degree robbery on grounds of insufficient evidence, defendant Mayo was again brought to trial for the same offense in clear violation of his rights under the double jeopardy clause of the United States Constitution. The novel question presented upon this appeal is whether reversal of his conviction of a lesser included offense is required even though the jury in the second trial was instructed not to consider the original first degree robbery charge, the sole count in the indictment. *248 After examining the relevant principles and precedents, we conclude that the conviction must be reversed.
Defendant Mayo was initially brought to trial under a single-count indictment charging him with having committed robbery in the first degree in violation of subdivision 3 of section 160.15 of the Penal Law. At the close of the trial, defendant moved to have the sole charge against him dismissed on the ground that the People had failed to establish an essential element of the crime, the use or threatened use of a dangerous weapon (see Penal Law, § 160.15, subd 3). Although the Trial Judge declined to dismiss the indictment outright, he indicated his agreement with defendant’s position and instructed the jury that it could find defendant guilty only of the lesser included offense of robbery in the second degree or, in the alternative, robbery in the third degree (see CPL 300.30, subd 1; 300.50, subd 1). The proceedings ultimately terminated in the declaration of a mistrial after the jury was unable to reach agreement as to defendant’s guilt on these lesser charges.
Rather than obtaining a new indictment charging defendant with the less serious crimes of robbery in the second and third degrees, the People elected to bring defendant to trial a second time under the original indictment. Defendant promptly objected to being retried on the first degree robbery count and moved to dismiss the indictment, but the trial court concluded that retrial was not proscribed by the double jeopardy clause of the the Fifth Amendment and, accordingly, permitted the trial to go forward.[1]
Notwithstanding this determination, the Trial Judge subsequently decided that the first degree robbery charge should be withdrawn from the jury’s consideration. Consequently, before *249 sending the jurors out to deliberate, the Trial Judge informed them that although defendant had been indicted for first degree robbery, they were not to consider that charge in arriving at their verdict "for legal reasons” with which they need not concern themselves. The jurors were further instructed that they should consider defendant Mayo’s guilt only in relation to the lesser included offenses of robbery in the second and third degrees, which were not specifically charged in the indictment. This time, the jury found the defendant guilty of robbery, second degree.
On appeal from the judgment of conviction, the Appellate Division determined that the trial court had erred in permitting defendant to be tried a second time for first degree robbery. Nonetheless, applying a "harmless error” analysis, the Appellate Division held that reversal was not warranted, since the jury was not permitted to consider the improperly raised first degree robbery charge and, in fact, had been made aware of it only through "fleeting” references. Because we find the application of "harmless error” analysis wholly inappropriate in this context, we are constrained to reverse the Appellate Division’s determination and dismiss the underlying indictment.
We note at the outset that the Appellate Division was correct in concluding that defendant Mayo’s rights under the double jeopardy clause of the Fifth Amendment were violated in the most fundamental manner when he was haled into court and made to answer the charge of first degree robbery for the second time. Although, the jury in the first trial was not permitted to consider that charge, the trial court’s decision to withdraw the first degree robbery count from the jury’s consideration on the ground of insufficient evidence was equivalent to an acquittal and therefore operated as a bar to any further prosecution of that charge (People v Key, 45 NY2d 111; accord United States v Martin Linen Supply Co., 430 US 564; see Burks v United States, 437 US 1).
 It may be that defendant could have been retried and convicted under a properly drawn indictment charging him only with the lesser included crimes of robbery in the second and third degrees. As to these charges, the proceedings were inconclusively terminated by the declaration of a mistrial following the jury’s inability to reach a verdict, and, under settled double jeopardy principles, there could be no objection to the bringing of a second criminal proceeding (United States *250 v Perez, 9 Wheat [22 US] 579; see United States v Scott, 437 US 82, 92-94; Arizona v Washington, 434 US 497; Matter of Nolan v Court of Gen. Sessions, 11 NY2d 114, 119).[2] The fact remains, however, that here the People did not choose to limit the charges in the second proceeding to the permissible counts of second and third degree robbery. Instead, they opted to proceed under the original indictment, thereby placing defendant once again at risk of being convicted of first degree robbery, a crime of which he had previously been, in effect, acquitted. It is precisely this type of imposition that the double jeopardy clause of the Fifth Amendment was calculated to prevent.
That defendant Mayo was not actually convicted of first degree robbery upon retrial does not undermine our conclusion that his second trial was constitutionally prohibited. As we have noted on several occasions, the evil to which the double jeopardy clause is addressed occurs when a defendant is brought into court to defend against a criminal charge for the second time and is again subjected to the attendant expense, personal anxiety and social opprobrium (People v Michael, 48 NY2d 1, 7-8; Matter of Nolan v Court of Gen. Sessions, 11 NY2d 114, 119, supra; accord Crist v Bretz, 437 US 28, 35; Green v United States, 355 US 184, 187-188). The effect of such a burden simply cannot be rectified by the defendant’s subsequent exoneration.
This principle was the basis of the United States Supreme Court’s decision in Price v Georgia (398 US 323). The appellant in Price initially had been tried on a murder charge, but had been convicted only of the lesser included offense of voluntary manslaughter. Although this conviction constituted an implied acquittal on the more serious murder charge, the State sought to try the appellant once again on that count after his voluntary manslaughter conviction was set aside on appeal. Once again, the appellant was convicted only of the lesser charge of voluntary manslaughter. The Supreme Court reversed the appellant’s conviction on double jeopardy grounds, even though the crime for which the appellant had been convicted was not the crime for which he had been twice *251 placed in jeopardy. In so doing, the Price court rejected the contention that the violation of the appellant’s rights under the double jeopardy clause could be considered harmless and stated (p 331): "The Double Jeopardy Clause * * * is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict. To be charged and to be subjected to a second trial * * * is an ordeal not to be viewed lightly. Further, and perhaps of more importance, we cannot determine whether or not the murder charge against petitioner induced the jury to find him guilty of the less serious offense * * * rather than to continue to debate his innocence”.
Notwithstanding the clear import of this language, we are urged to distinguish Price from the case presently before us on the ground that in Price the jury was permitted to consider the more serious charge of which the appellant had previously been exonerated, while here the first degree robbery count, which was barred under the. double jeopardy clause, was withdrawn from the jury before it began its deliberations. Hence, it is argued, the potential for contamination of the jury’s deliberations that concerned the Supreme Court in Price was not present in defendant Mayo’s second trial and, consequently, there is no need for reversal of Mayo’s conviction.
While we recognize the existence of a factual distinction between the two cases, we do not agree that the distinction is of such analytical significance as to justify a departure in this case from the rationale articulated , in Price. On one level, it is apparent that the trial court’s removal of the first degree robbery count from the case just prior to the jury’s retiring did not ensure that the verdict was not in some way influenced by the looming presence of that charge throughout the trial. The jurors were informed at the outset that defendant Mayo was on trial for first degree robbery and they presumably evaluated the evidence as it was being presented in light of that charge. Moreover, it cannot be doubted that defendant’s trial strategy was affected, perhaps to his ultimate detriment, by the need to present an effective defense to the more serious first degree robbery charge. Thus, even if we were to apply traditional "harmless error” analysis to this case, we could not conclude beyond a reasonable doubt that defendant’s position was not prejudiced by the introduction of a constitutionally impermissible charge at his second trial (see *252 Harrington v California, 395 US 250; Chapman v California, 386 US 18; People v Crimmins, 36 NY2d 230).
More importantly, however, we reject the reasoning of the Appellate Division in this case because we find the harmless error rule to be particularly ill-suited for analyzing problems of the type presented here. As we recently observed in People v Felder (47 NY2d 287), there are some errors of constitutional magnitude that are so fundamental that their commission serves to invalidate the entire trial. These errors are simply not amenable to traditional harmless error analysis, which has its most convincing application in the area of trial errors concerning the admissibility of evidence under the Fourth and Fifth Amendments. In Felder, we held that the right to the assistance of counsel at trial is so basic to the concept of a fair trial that its denial can never be treated as "harmless error”. We analogized the denial of the right to counsel there to other constitutional infractions that impugn the very integrity of the criminal proceeding. While the issue in Felder is not directly apposite to that presented in this case, we think that the Felder rationale may be applied with equal, if not greater, force in cases such as this, where the constitutional error involves a violation of the defendant’s right not to be twice placed in jeopardy for the same offense.
Accordingly, we eschew the "harmless error” approach adopted by the Appellate Division and instead base our holding on the fundamental principles inherent in the double jeopardy clause itself. It has been observed that "[t]he guarantee against double jeopardy is significantly different from [other] procedural guarantees * * * While this guarantee, like the others, is a constitutional right of the criminal defendant, its practical result is to prevent a trial from taking place at all, rather than to prescribe procedural rules that govern the conduct of the trial” (Robinson v Neil, 409 US 505, 509). When a defendant is brought to trial in violation of his rights under the double jeopardy clause of the Fifth Amendment, the very power of the court to try him is implicated (see People v Michael, 48 NY2d 1, 7; accord Blackledge v Perry, 417 US 21, 30-31). Thus, while a double jeopardy claim may be waivable under certain limited circumstances (e.g., People v Coppa, 45 NY2d 244; see Menna v New York, 423 US 61, 62-63, n 2; People v Michael, 48 NY2d 1, 7, supra), it cannot be gainsaid that, absent such a waiver, a trial held in violation of the double jeopardy clause must be deemed to be a nullity having *253 no legal effect (see People ex rel. Zakrezewski v Mancusi, 22 NY2d 400, 404-405). Any less exacting standard would contravene the clear purpose of the double jeopardy clause, to deprive the State of the power to subject a citizen to the risk of trial after he has been exonerated of the charges against him.
In this case, defendant Mayo objected to being tried a second time for first degree robbery at the earliest possible point in the proceedings. His motion to dismiss the flawed indictment was erroneously denied by the trial court. Under these circumstances, the ensuing criminal proceeding should be deemed to have been a nullity and it follows that the conviction for second degree robbery must be reversed.
Finally, we hold that the pending indictment for first degree robbery must be formally dismissed. Since the sole count it contains is not prosecutable under settled double jeopardy principles, nothing remains to support further criminal proceedings under that accusatory instrument (see People ex rel. Poulos v McDonnell, 302 NY 89). We note, however, that our holding, which is based solely on legal grounds, does not foreclose further prosecution of the defendant pursuant to a new indictment containing such criminal charges as were not barred by the double jeopardy rule immediately after the jury in the first trial was discharged.
For the reasons stated, the order of the Appellate Division should be reversed and the indictment dismissed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.

. In denying defendant Mayo’s motion to dismiss the indictment on double jeopardy grounds, the trial court relied upon CPL 310.60 (subd 2), which provides that a defendant may be retried under the original indictment following the declaration of a mistrial. Under the statute, all counts that were contained in the indictment are automatically revived, including those that were dismissed by the Trial Judge prior to the termination of the proceedings in a mistrial. However, the trial court’s reliance on this provision as a basis for reinstating the first degree robbery count in this case was' misplaced. Although the statute may be valid with respect to counts that are dismissed on grounds that do not preclude reprosecution (cf. People v Key, 45 NY2d 111, 119), it cannot constitutionally be applied in cases where the count was dismissed on the ground of insufficient evidence. In such cases, the dismissal constitutes an adjudication of the facts tantamount to an acquittal and thus operates as a bar to retrial notwithstanding the provisions of CPL 310.60 (subd 2) (see People ex rel. Poulos v McDonnell, 302 NY 89).

. Defendant concedes that the People could have brought him to trial again after the mistrial if they had obtained a new indictment containing only the second and third degree robbery counts. While the posture in which this case is presented does not require us to address this point, we note our belief that there would have been no constitutional or statutory bar to a retrial under such circumstances.