■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD W. FUDGER, Appellant.—Appeal from a judgment of the County Court of Montgomery County, rendered July 11, 1977, upon a verdict convicting defendant of the crime of arson in the fourth degree. On this appeal from a judgment convicting defendant of arson in the fourth degree following a retrial, he argued, *inter alia,* that his right to a speedy trial under CPL 30.30 had been violated. By decision dated May 17, 1979, we withheld our determination of the appeal and remitted the matter to the trial court for additional factual consideration of that issue *(People v Fudger,* 70 AD2d 703). It conducted a hearing and rendered a decision adverse to defendant's claim on September 26, 1979. Accordingly, the appeal is now before us for final resolution. We have examined the various periods of asserted delay and, while we might not agree with the findings it made with respect to each, we accept the trial court's ultimate conclusion that defendant was not denied a speedy trial. So many intervals of delay are chargeable to him that

under no view of the facts could it be said that his retrial was untimely. However, we are constrained to reverse defendant's judgment and to dismiss the indictment against him on the authority of *People v Mayo* (48 NY2d 245), which was decided on November 15, 1979. The indictment accused defendant of the crime of arson in the third degree (Penal Law, § 150.10) in a single count. A jury returned a partial verdict acquitting him of that charge, but was unable to reach agreement on the lesser included offense of arson in the fourth degree (Penal Law, § 150.05), which the trial court had charged and submitted to it in the alternative (see CPL 300.50). His ensuing retrial on that lesser charge was specifically authorized by statute (CPL 310.70, subds 2, 3) and, unlike the factual pattern developed in *People v Mayo (supra)*, there was never any doubt that the initial third-degree arson charge had been completely resolved for all purposes. Accordingly, the retrial was properly limited to proof and jury consideration of arson in the fourth degree in a manner which did not offend constitutional or statutory principles of double jeopardy. Nevertheless, the opinion in *Mayo*, and particularly its reliance on *People ex rel. Poulos v McDonnell* (302 NY 89), makes it plain that the original indictment cannot serve as the basis for further prosecution under these circumstances. We would have thought that the accusation of the Grand Jury embraced all necessary included lesser offenses so that a new indictment would not be required in this situation (see CPL 210.20, subd 1, par [b]; *People v Frisbie*, 40 AD2d 334, 336). Additionally, *People ex rel. Poulos v McDonnell (supra)*, predated adoption of the CPL and was apparently decided on double jeopardy grounds of questionable validity *(People ex rel. Poulos v McDonnell*, 302 NY 89, 91, *supra; see People ex rel. Bianculli v McDonnell*, 278 App Div 782, affd 302 NY 922). Still, the factual sequence presented by the case at bar closely parallels *Poulos*, and we are bound to follow the rationale of the Court of Appeals in insisting upon a new indictment before defendant can be retried for arson in the fourth degree *(People v Mayo, supra*, pp 249-250, 253). Defendant's trial counsel specifically objected to proceeding with a retrial on the initial indictment and, having preserved this issue for review, we are obliged to reverse the instant judgment and to dismiss the indictment. Judgment reversed, on the law, and indictment dismissed. Mahoney, P. J., Greenblott, Kane and Staley, Jr., JJ., concur.

Mikoll, J., concurs in the following memorandum. Mikoll, J. (concurring). I concur solely on the authority of *People v Mayo* (48 NY2d 245).