■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DAVIS, Also Known as SYLVESTER SCOTT, Appellant. — Judgment, Supreme Court, New York County (Edwards, J., and a jury), rendered August 21, 1980, convicting defendant of robbery in the first degree, robbery in the second degree and grand larceny in the third degree and sentencing him as a persistent felony offender to concurrent indeterminate terms of 20 years to life, 15 years to life and two to four years, reversed, on the law, the count of the indictment charging robbery in the first degree is dismissed, and the remaining counts are remanded for further proceedings. The defendant was convicted after a jury trial of robbery in the first degree, robbery in the second degree and grand larceny in the third degree, and was sentenced as a persistent felony offender to concurrent indeterminate prison sentences of from 20 years to life, 15 years to life and two to four years. The trial evidence fully supported the jury verdict in all respects and a study of the record discloses no trial errors that would merit reversal. The principal issue on this appeal is raised by defendant's contention that his constitutional rights against double jeopardy were violated when he was retried on a robbery in the first degree count which had been dismissed at the end of a prior trial, and that this violation requires as well the reversal of his conviction on the other counts. As originally drawn, the count of the indictment charging defendant with robbery in the first degree alleged that he was armed with "what appeared to be a pistol." However, the evidence adduced at the first trial established only that defendant had participated in a robbery with two other persons, the latter apparently unapprehended, who were armed with sawed-off shotguns. No evidence was introduced that the defendant or any of his accomplices were armed with "what appeared to be a pistol", although there was testimony that during the course of the robbery a revolver was taken by the defendant from one of the victims of the robbery, an off-duty police officer. The trial evidence was in all material respects consistent with the evidence presented to the Grand Jury. The reason for the discrepancy between the count as drafted and the Grand Jury evidence is not clear, it most probably being explainable either as a drafting error or the result of confusion engendered by that part of the testimony that described the taking of a revolver from one of the victims of the robbery. In any event, the variance was apparent on the face of the trial assistant's opening statement which accurately quoted the material language of the count and correctly described the evidence that was to be presented, but it did not become the subject of discussion until the end of the first trial, at which time the defense counsel moved to dismiss the count on the ground that there was no evidence that any participant in the robbery possessed "what appeared to be a pistol." In opposition to the motion, the trial assistant argued variously that the requisite evidence could be found in the testimony concerning the taking of the revolver

from the police officer; that the word "pistol" could reasonably be interpreted as embracing the broader word "gun"; and that in any event the variance was immaterial and could not have been the cause of surprise to the defendant to whom the Grand Jury minutes had been made available some time before the trial. After careful consideration of these varied arguments, the trial court granted the motion to dismiss that count of the indictment. Thereafter the jury convicted the defendant of robbery in the second degree. That conviction was ultimately reversed by the Court of Appeals on grounds unrelated to any issue before us. At the retrial, the Judge then presiding granted the District Attorney's motion to amend the previously dismissed robbery in the first degree count to reflect the charge that participants in the robbery were armed with shotguns. As acknowledged by the District Attorney, the principle is clear that a dismissal for insufficient evidence is an acquittal for double jeopardy purposes. (See, e.g., *United States v Scott*, 437 US 82, 98-99; *Burks v United States*, 437 US 1, 16; *People v Mayo*, 48 NY2d 245.) The District Attorney contends, however, that the count in question was not dismissed because of insufficient evidence, the evidence that was introduced being clearly adequate to establish defendant's guilt of robbery in the first degree, but was rather dismissed because of a variance between the indictment and the evidence adduced. We are not persuaded that the constitutional issue presented may be satisfactorily resolved on the basis of this analysis. The issue presented must be distinguished clearly from that addressed in cases that permit retrial of a defendant on a charge dismissed on defense motion because of a legal deficiency in the accusatory instrument. (See *People v Key*, 45 NY2d 111; *People ex rel. North v Skinner*, 280 App Div 611, affd 305 NY 711; *Lee v United States*, 432 US 23; cf. *People v Kurtz*, 51 NY2d 380, 387.) The count in issue here was legally sufficient on its face and accordingly not subject to a motion to dismiss because of legal insufficiency. It may be that the trial court would have been justified in permitting amendment of the indictment pursuant to CPL 200.70, although we find it unnecessary to decide that issue. In any event, no motion pursuant to that section was made by the trial assistant; the count in the indictment was not in fact amended; and the District Attorney took no appeal from the trial court's ruling of dismissal. The reality of what occurred would appear to be that the trial court, having concluded that the variance was material and not subject to amendment, dismissed the count of the indictment on the ground that the evidence presented was insufficient to sustain the charge. It follows that the defendant's constitutional rights were violated when he was retried on the dismissed count as amended. Having concluded that the defendant's constitutional rights were violated by his retrial for robbery in the first degree, we are required by the principle set forth by the Court of Appeals in *People v Mayo* (48 NY2d 245, *supra*), to reverse the convictions entered on the other counts as well. We find unpersuasive the suggested distinction that in *Mayo* the dismissed count was the only count in the indictment, and that therefore the appellate reversal of the conviction entered in the first trial for a lesser count precluded a retrial on the same indictment. Nothing in the opinion of the Court of Appeals suggests that this was the basis for the result reached. On the contrary, the court specifically held (pp 252-253): "Thus, while a double jeopardy claim may be waivable under certain limited circumstances * * * it cannot be gainsaid that, absent such a waiver, a trial held in violation of the double jeopardy clause must be deemed to be a nullity having no legal effect". We note that in this case, unlike *Mayo*, the possibility is remote that the defendant's conviction on the lesser counts was prejudicially affected by the fact that he was also tried on a count barred by double jeopardy. However, the Court of Appeals was explicit in *Mayo* (p 249) that "the application of 'harmless

error' analysis [is] wholly inappropriate in this context". (But see *Graham v Smith,* 602 F2d 1078.) Concur — Sandler, J. P., Carro, Asch, Milonas and Kassal, JJ.