OPINION OF THE COURT
Thomas R. Sullivan, J.
This is a motion to dismiss indictment No. 2295/83 for violation of the speedy trial provisions of CPL 30.30.
This defendant was originally indicted under indictment No. 1350/81 in a three-count indictment charging assault in the first degree against Henry Moore, assault in the first degree against Eugene Martin, and criminal possession of a weapon in the third degree. All of these charges stem from an incident that occurred January 30, 1981.
The matter was finally brought to trial in Part 28 of the court. At the end of the entire case, the court apparently dismissed the third count of the indictment, criminal possession of a weapon in the third degree and submitted to the jury the two remaining counts of assault in the first degree and four additional counts as lesser included crimes, namely, assault in the second and third degrees as to Moore, and assault in the second and third degrees as to Martin. On November 10,1982, the jury returned a partial verdict. This partial verdict found the defendant not guilty *275 of assault in the first degree as to Moore, not guilty of assault in the first degree as to Martin, and not guilty of assault in the third degree as to Moore. The jury indicated that they could not agree on the charge of assault in the second degree as to Moore and the charges of assault in the second degree and third degree as to Martin. The court thereupon declared a mistrial and adjourned the matter until December 13, 1982 for retrial.
Thereafter, defense counsel made a new motion to dismiss in the interests of justice which was denied, and the case remained on the calendar of various parts until June 28, 1983 when the defense made a motion to dismiss pursuant to CPL 30.30 on speedy trial grounds.
On July 19, 1983 the People filed a superseding indictment No. 2295/83 charging this defendant with two counts of assault in the second degree, one as against Moore and one as against Martin, again based upon the incident occurring January 30, 1981. The defendant was arraigned on this charge on July 26,1983 and defense counsel, being aware of the forthcoming superseder, had made a motion to dismiss indictment No. 2295/83 on speedy trial grounds pursuant to CPL 30.30 and 30.20. This matter was referred to me for argument and hearing on July 28, 1983. It was agreed and stipulated at the hearing that there are no disputed questions of fact and the matter is to be resolved as a question of law without the need for an evidentiary hearing.
It is the contention of the prosecution that pursuant to the provisions of CPL 30.30 (subd 5), the People have six months from the date of the retrial in which to be ready to try the instant case. They further contend that certain time periods between November 10, 1982 and the present date are excludable under CPL 30.30 (subd 4, par [a]). These excludable periods dealt primarily with the time during which the Clayton motion (People v Clayton, 41 AD2d 204) was pending and also covers various times wherein the defendant was not present and where adjournments were requested by the defense. All of these proceedings dealt with indictment No. 1350/81.
It is the contention of the defense that the People failed to obtain the superseding indictment within six months *276 from November 10, 1982 and there is no excludable time. Hence, the superseding indictment must be dismissed pursuant to CPL 30.30.
This case raises an interesting variant of the speedy trial issue; one which could become significant in light of several recent cases.
It has become clear, both from a reading of CPL 30.30 and the decisions made thereunder, that it was the legislative intent that the People be ready for trial in felony matters within six months. The six months is to be judged from the first arraignment of the defendant upon the charges. (People v Lomax, 50 NY2d 351, 356; CPL 1.20, subd 17.) This is so even though there are various accusatory instruments involved. (People v Osgood, 52 NY2d 37.) Thus, while there are situations wherein the dismissal of an accusatory instrument does not preclude the District Attorney from reviving the case by further action, usually by the Grand Jury, the six-month time limitation dates from the date of the first accusatory instrument and not from the date of a later accusatory instrument. (People v Osgood, supra.)
The one statutory exception in terms of starting date is set forth in CPL 30.30 (subd 5) which deals with the unique situation of a mistrial, wherein a new six-month clock is started from the time of the order of the retrial.
There is no doubt that if the original indictment No. 1350/81 had contained specified counts of assault in the second degree upon which the jury could not reach a verdict on November 10, 1982, the People could retry the defendant on these counts, under indictment No. 1350/81. If that had been the case, the position of the People would be correct and no speedy trial motion would lie. But that is not the case.
Indictment No. 1350/81 as returned by the Grand Jury contained but three counts. One of those was dismissed by the court and the defendant was found not guilty as to the two remaining counts. The only open items upon which the jury could not agree were as to three lesser included charges given them by the court, but not contained in the indictment. This defendant could not be retried upon the charges of assault in the first degree contained in indict *277 ment No. 1350/81 upon settled double jeopardy provisions. (People v Mayo, 48 NY2d 245.) In short, there was nothing left of indictment No. 1350/81 after the actions of the jury and the court on November 10, 1982. The sole course of action available to the prosecution was specifically set forth by the Court of Appeals in People v Mayo (supra, p 253) as follows: “We note, however, that our holding, which is based solely on legal grounds, does not foreclose further prosecution of the defendant pursuant to a new indictment containing such criminal charges as were not barred by the double jeopardy rule immediately after the jury in the first trial was discharged.”
Reading the express holding of the Court of Appeals in Mayo in conjunction with CPL 30.30 (subd 5), it is clear that the prosecution had the right, if it so desired, to obtain a new indictment against this defendant for the charges of assault in the second degree, but those charges must be ready for trial within the six months of November 10,1982. This was not done. The prosecutor did obtain a new indictment upon these charges as permitted, but did not do so until eight months after November 10, 1982. Thus, they have exceeded the time limitation set forth in CPL 30.30. To this extent, this situation becomes analogous to that prohibited by the Court of Appeals in People v Osgood (supra).
During the course of oral argument, the prosecution conceded with commendable candor that nothing that was done after November 10, 1982 with reference to the then legally defunct indictment No. 1350/81 in any way impeded or precluded their re-presentation of the matter to a Grand Jury, and hence there is no reasonable excuse for the delay of eight months from obtaining a superseding indictment.
For the reasons set forth above, indictment No. 2295/83 is dismissed as in violation of the speedy trial provisions of CPL 30.30.