■ The People of the State of New York, Respondent, v Matthew Rodwell, Appellant. — Judgment, Supreme Court, New York County (McCooe, J.), rendered November 12, 1982, convicting defendant, after a jury trial, of manslaughter in the second degree and sentencing him to an indeterminate term of from 3 to 9 years, unanimously reversed, on the law and on the facts, and as a matter of discretion in the interest of justice, and the indictment dismissed with leave to resubmit to the Grand Jury, the matter remanded to Trial Term for the purpose of issuing a securing order pursuant to CPL 210.45 (subd 9), and defendant committed to the custody of the Department of Correction pending the issuance of such order. ¶ The victim, Freddy Killingsworth, died as a result of a knife wound extending into his heart, which he sustained in an altercation with defendant over Killingsworth's attentions to defendant's former "common-law" wife. The two men had argued and eventually Killingsworth, who was sitting on a railing next to a stoop, kicked at defendant. When Killingsworth stepped off the railing and advanced toward him, defendant stepped backwards and took a knife from his pocket. As the two men reached the curb with Killingsworth pursuing defendant, who was still backing up, defendant apparently stumbled. With an upward thrust defendant stabbed Killingsworth in the stomach as he stepped off the curb between two parked cars. Defendant testified that when Killingsworth stepped off the curb he had his right hand in his jacket pocket, leading defendant to believe that Killingsworth was reaching for a knife or gun to use against him. ¶ The jury acquitted defendant of manslaughter in the first degree, but convicted him of the lesser included offense, which had been submitted in the alternative, of manslaughter in the second degree, i.e., recklessly causing the death of another. At the beginning of its charge on the elements of the various crimes the court noted that the People contended that the stabbing was unjustified while defendant contended that he never intended to stab Killingsworth and that he acted in self-defense. The court charged justification; however, it mentioned self-defense only in connection with manslaughter in the first degree. In fact, it specifically referred to the lack of justification as "the third element" of that crime. It defined justification for the jurors, and again repeated that lack of justification was the third element of manslaughter in the first degree. The inclusion of lack of justification as a specific, enumerated element of manslaughter in the first degree was in stark contrast to the court's charge on manslaughter in the second degree. In defining the crime the court never mentioned the application of the justification defense to it. Moreover, the charge strongly suggested that self-defense was relevant only to the intentional crime of manslaughter in the first degree. On two occasions the court linked defendant's self-defense claim with a denial of an intent to stab Killingsworth, thus suggesting that it related solely to crimes requiring

intent. Although no exception was taken to the court's charge, justice requires a reversal and new trial. The jury may well have found that justification was not disproven but convicted defendant anyway under the mistaken impression that it was permissible to do so. ¶ We also believe that it was error, although perhaps not sufficient otherwise and by itself to warrant reversal, to refuse to allow defense counsel to elicit from a prosecution witness that defendant had told him some months before the incident that Killingsworth carried a gun. This evidence was admissible to show defendant's state of mind with respect to his apprehension of danger (*People v Miller,* 39 NY2d 543), and it was not necessary, as Trial Term found, that such evidence come from defendant personally. Finally, we note it was unfair of the prosecutor, having successfully prevented defendant from showing that Killingsworth had a 1972 conviction for gun possession, to argue to the jury that Killingsworth "never carried a gun." ¶ Since the single-count indictment charged only manslaughter in the first degree, of which defendant was acquitted, it must be dismissed. Such dismissal, however, is with leave to resubmit to the Grand Jury on any lesser included offense. (See *People v Fudger,* 73 AD2d 1020; also *People v Gonzalez,* 61 NY2d 633, 635; *People v Mayo,* 48 NY2d 245; *People ex rel. Poulos v McDonnell,* 302 NY 89.) Concur — Kupferman, J. P., Sandler, Sullivan, Asch and Kassal, JJ.