■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY O'FARROW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered December 14, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in allowing him to represent himself during the preliminary hearings and at trial. The record, however, establishes that the defendant made a knowing, voluntary and intelligent waiver of his right to counsel while in the presence of his assigned counsel *(see, People v McIntyre,* 36 NY2d 10; *cf., People v Hobson,* 39 NY2d 479).

The trial court's admonitions to the defendant during the trial, most of which were made out of the presence of the jury, were limited to clarification of issues and exclusion of irrelevant considerations *(see, People v Hazen,* 94 AD2d 905), which under the circumstances was entirely appropriate. "To accept a defendant's lack of knowledge of legal principles and rules of law or his unfamiliarity with courtroom procedures as the ground for concluding that he is not qualified to represent himself would in effect be to eviscerate the constitutional right of self-representation" *(People v Davis,* 49 NY2d 114, 120, *appeal after remand* 91 AD2d 948).

Finally, the defendant contends that the complaining witness should not have been believed because she was granted immunity from prosecution for lying about the amount of money that was taken. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.