**UNITED STATES of America**

v.

**Mark PAYNE, Defendant.**

**No. 91–CR–811 (DRH).**

United States District Court,
E.D. New York.

Oct. 1, 1993.

Richard J. Appel, Sp. Asst. U.S. Atty., New York City, for Government.

Barry Gene Rhodes, Brooklyn, NY, for defendant.

*MEMORANDUM & ORDER*

HURLEY, District Judge.

With respect to the above-referenced prosecution, defendant Mark Payne was tried on a six-count indictment charging, *inter alia,* credit card fraud, conspiracy to commit credit card fraud, and attempted murder of a Postal Service employee. Following a jury trial before this Court in January of 1993, defendant was convicted on count one (conspiracy), count two (credit card fraud), and count three (resisting arrest). The jury was unable to reach a unanimous verdict with respect to counts five (assault of a federal officer) and six (use of a firearm in connection with a crime of violence). No objection is raised by defendant with respect to a retrial on those latter two counts. With regard to count four, which charged attempted murder of a federal officer, defendant currently objects to a retrial on various grounds. For the reasons stated below, defendant's motion to bar a retrial is denied.

*Background* [1]

Count four of the indictment in this case charges as follows:

> On or about May 14, 1991, in the Eastern District of New York, the defendant, MARK PAYNE, a/k/a "Mark Hemmesch," unlawfully, wilfully, and knowingly attempted to kill an employee of the Postal Service while that employee was engaged in the performance of his official duties, [in violation of] Title 18, United States Code, Section 1114.

At the time of the first trial, this Court charged the jury on both attempted murder in the first degree and the lesser included offense of attempted murder in the second degree. It is to be noted that, although the instruction regarding first and second degree attempted murder was requested by the government, no objection was made by defendant to the charge or to the corresponding verdict sheet. As directed by the verdict sheet, the jury first considered attempted

---

1. Familiarity with the facts which gave rise to the indictment in this case, as recounted in this Court's Memorandum and Order dated January 11, 1993, is assumed for the purposes of this Opinion.

murder in the first degree;[2] defendant was acquitted of that charge. After considering attempted murder in the second degree,[3] the jury was unable to return a unanimous verdict, and this Court declared a mistrial on that charge.

As noted above, defendant raises no objection to a retrial on counts five and six, (which charge assault of a federal officer and use of a firearm in connection with a crime of violence, respectively.) However, with respect to count four, defendant argues that double jeopardy proscriptions bar a retrial, or in the alternative that the government is collaterally estopped from retrying defendant on that offense. Should this Court reject both arguments, defendant asserts that the charge contained in count four must be presented to a grand jury prior to any further prosecution. For the reasons stated below, the Court finds defendant's arguments to be without merit.

*Discussion*

■ As the Supreme Court has noted, "[i]t has been established for 160 years ... that a failure of the jury to agree on a verdict was an instance of 'manifest necessity' which permitted a trial judge to terminate the first trial and retry the defendant...." *Richardson v. United States,* 468 U.S. 317, 323–24, 104 S.Ct. 3081, 3085, 82 L.Ed.2d 242 (1984) (quoting *United States v. Perez,* 22 U.S. 579, 9 Wheat. 579, 6 L.Ed. 165 (1824)). More pointedly, the *Richardson* Court observed that "[the Supreme Court has] constantly adhered to the rule that a retrial following a 'hung jury' *does not violate the Double Jeopardy Clause.*" *Id.* at 324, 104 S.Ct. at 3085 (citations omitted) (emphasis added). Another well-established proposition which is relevant to the case at bar is that a jury may be instructed on a lesser included offense where the lesser offense is "necessarily included in

the offense charged." Fed.R.Crim.P. 31(c); *Schmuck v. United States,* 489 U.S. 705, 717, 109 S.Ct. 1443, 1451, 103 L.Ed.2d 734 (1989) (holding that a lesser included offense instruction is available "in equal measure to the defense and to the prosecution") (footnote omitted); *see also* 2 Charles A. Wright, Federal Practice and Procedure § 498 (1982) (noting that "the court may give [a lesser included offense instruction] without a request from either party") (footnote omitted).

■ In light of these two principles, as urged by the government, defendant's contention that double jeopardy bars a retrial of the lesser included offense herein is without merit. The jury was instructed, without objection, on the lesser included offense of attempted murder in the second degree. The fact that the jury acquitted defendant of attempted murder in the first degree, which requires premeditation, simply means that jeopardy terminated for that offense.[4] This Court's declaration of a mistrial on the lesser included offense, following the jury's inability to reach a verdict on that charge, permits a retrial on the charge of attempted murder in the second degree. *See United States v. Gooday,* 714 F.2d 80, 83 (9th Cir.1983) (holding that, where defendant was acquitted of first degree murder and jury was unable to reach a verdict on three lesser included offenses, double jeopardy did not bar retrial on the lesser included offenses), *cert. denied,* 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 884 (1984).

It is worthy of mention that defendant does not argue, and in the Court's view could not credibly argue, that he suffered from a lack of notice with respect to the charges presented to the jury. Furthermore, defendant's reliance on *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), is misplaced in that the defendant therein was initially charged and convicted of joyriding—

---

**2.** As noted by the government, Title 18, United States Code, section 1111, (which is referenced by section 1114), provides punishments for both murder in the first degree and murder in the second degree.

**3.** The sole difference between the elements of the first and second degree attempted murder instructions was that, with respect to first degree

attempted murder, the additional element of premeditation was required.

**4.** Thus, as the government correctly notes, in the context of this case the only issue about which the prosecution is collaterally estopped from arguing to a jury upon retrial is premeditation. Attempted murder in the second degree does not require premeditation.

a lesser included offense of auto theft under Ohio law. Thereafter, the defendant was charged in a second proceeding with joyriding and auto theft based on the same facts which gave rise to the initial prosecution, *id.* at 162–63, 97 S.Ct. at 2223–24, which subsequent prosecution was determined to be a double jeopardy violation. On the other hand, defendant's first trial herein resulted in an acquittal on the greater offense and a hung jury on the lesser included offense; double jeopardy principles do not bar a retrial of the lesser included offense under these circumstances. *See Gooday,* 714 F.2d at 83.

■ Finally, to the extent defendant argues that the charge of attempted murder in the second degree must be presented to a grand jury prior to retrial, the Court notes, parenthetically, that its initial instruction regarding the lesser included offense was proper. *See* Fed.R.Crim.P. 31(c); *Schmuck,* 489 U.S. at 717, 109 S.Ct. at 1451 ("[Rule 31(c)] provides that a defendant 'may be found guilty' of a lesser included offense, without distinguishing between a request for jury instructions made by the Government and one made by the defendant"). Defendant concedes that there is no federal authority in support of his position that the lesser included offense in the case at bar must be presented to a grand jury. Against that backdrop, the Court adopts the reasoning that "such lesser included offenses should be treated as if they had been specified in separate counts of the indictment." *Gooday,* 714 F.2d at 83; *but cf. People v. Mayo,* 48 N.Y.2d 245, 397 N.E.2d 1166, 422 N.Y.S.2d 361 (1979) (holding that where greater offense in one-count indictment dismissed for lack of sufficient evidence, reprosecution of lesser included offense required new indictment). Accordingly, consistent with *Gooday* and the principles underlying Rule 31(c) of the Federal Rules of Criminal Procedure, the Court rejects defendant's argument.

### Conclusion

For the reasons stated above, defendant's motion to preclude a retrial on the lesser included offense under count four of the indictment, as initially charged to the jury in defendant's first trial, is denied.

SO ORDERED.