OPINION OF THE COURT
Eugene Schwartzwald, J.
The defendant was first arraigned in Criminal Court on a felony charge, involving the underlying incident, on March 25, 1993.
Subsequently, on April 8, 1993, the People filed an indictment, and the case was transferred to the Supreme Court.
After various adjournments for motions, hearings and discovery, the matter proceeded to trial, and the defendant was acquitted of the sole felony.
The jury was unable to reach a verdict, however, on a lesser included count which had also been submitted (at defense request), and they were ultimately discharged. (See, CPL 310.70.)
Under such circumstances, case law holds that the indictment should be dismissed since it does not contain the lesser count. The People can then seek a new indictment in order to prosecute the unresolved charge. (See, People v Mayo, 48 NY2d 245; see also, People v Gonzalez, 61 NY2d 633.)
In People v Fudger (73 AD2d 1020), upon which the defense relies, the lesser included offense involved was, itself, a felony.
In this case the People have elected to continue by filing a new information in the lower court, since the remaining charge is a misdemeanor.
Despite the lack of controlling case law on that precise point, this court now finds no legal impediment, statutory or otherwise, to the procedure in question. Since the People are not barred from further prosecution on the lesser charge under such circumstances, and since the Criminal Court is the appropriate forum for the trial of a misdemeanor, it follows that the new information should be accepted.
With respect to the issue of speedy trial under CPL 30.30, all time would ordinarily relate back to the original felony complaint. (See, People v Sinistaj, 67 NY2d 236.)
The excludable periods applicable to the earlier prosecution would then also be applicable to the new instrument. (See, People v Kopciowski, 68 NY2d 615.)
*1080 As the People filed a statement of readiness along with the indictment, there were only 14 days between the commencement on the felony complaint and the indictment which could have been charged to the felony prosecution within the meaning of People v Anderson (66 NY2d 529).
However, under CPL 30.30 (5) (a), the renewed action should be deemed to commence on the date of the verdict. (See, People v Carswell, 120 Misc 2d 274.)
Following the verdict, the court finds there were 24 days chargeable until the submission of the new information. The question, thus, becomes whether this time is chargeable to a six-month limitation stemming from the original felony or a new 90-day period applicable to the misdemeanor.
Since the lesser charge is a misdemeanor, logic would seem to dictate that the new period applicable should be 90 days. Nevertheless, because there are only 24 days chargeable, it is unnecessary for the court to reach that issue.
Thereafter, the court holds all of the following time to be excludable for defense motions and this decision and no further time is charged.
Based on the foregoing reasoning and analysis, the defendant’s motions to dismiss are, perforce, denied, and the case is continued for trial.