OPINION OF THE COURT
Gusten L. Reichbach, J.
Under what authority, if any, may the court issue a securing order holding a defendant on bail after dismissal of an indictment after trial? Until either the Court of Appeals resolves an *366 apparent difference amongst the Appellate Divisions or the Legislature amends the Criminal Procedure Law to fill what may be a gap in the authority of the trial court to issue a securing order in such circumstances, the court finds that Judiciary Law § 2-b (3) conveys appropriate authority to issue a securing order setting bail on the defendant in this case.
On November 5, 1998, a Grand Jury returned indictment No. 10552/98, charging the defendant with two counts of murder in the second degree and one count of criminal possession of a weapon in the second degree. An initial trial of this indictment resulted in a hung jury on all counts submitted. In the retrial before this court, the jury acquitted the defendant of the three charges contained in the indictment, but could not reach a verdict on the separately submitted, lesser included counts of manslaughter in the first and second degrees. t
The defendant moves to dismiss these counts and prohibit a retrial. The District Attorney initially sought an immediate retrial of the two counts of manslaughter.
It is apparent that pursuant to the authority of People v Mayo (48 NY2d 245, 253), indictment No. 10552/98 must be formally dismissed with leave to seek a new indictment on the manslaughter charges.
The two counts on which a jury could not reach a verdict, manslaughter in the first and second degrees, were submitted lesser included counts. CPL 310.70 (2) permits retrial of the defendant “for any submitted offense upon which the jury was unable to agree.”[1] These remaining counts however were not the counts for which the defendant was indicted. Since the defendant was acquitted of all charges for which he was indicted, any retrial of this indictment would be barred under settled double jeopardy principles. (People v Mayo, supra.) Thus, a retrial of these unindicted lesser included charges cannot take place pursuant to indictment No. 10552/98. (People v Carswell, 120 Misc 2d 274; see also, People v Bradley, 88 NY2d 901, 904 [1996].)
In Mayo (supra), the defendant was initially brought to trial under a single-count indictment charging him with robbery in the first degree. The Trial Judge, while declining to dismiss the indictment, removed robbery in the first degree from the case and instructed the jury that it could find the defendant *367 guilty only of the lesser included offenses of robbery in the second degree or robbery in the third degree. The jury could not reach a verdict on those counts so the People elected to bring the defendant to trial a second time under the original indictment. The trial court again instructed the jury that they could not consider the robbery one charge and this time the jury convicted the defendant of robbery in the second degree. Opining that the defendant “could have been retried and convicted under a properly drawn indictment charging him only with the lesser included crimes of robbery in the second and third degrees” the Court reversed the conviction and formally dismissed the indictment. (People v Mayo, supra, at 249.)
In People v Fudger (73 AD2d 1020 [3d Dept 1980]), while expressing unhappiness with the holding of Mayo (supra) based on considerations of judicial economy, the Third Department acknowledged it was obliged to follow the requirements of Mayo and vacate a conviction and dismiss an indictment under similar circumstances. In Fudger (supra) the defendant was indicted on a single count of arson in the third degree. The defendant was acquitted of that charge but the jury could not agree on the lesser included count of arson in the fourth degree. In vacating the conviction for arson in the fourth degree upon retrial, the Third Department, while finding double jeopardy was not implicated, nevertheless acknowledged that Mayo “makes it plain that the original indictment cannot serve as the basis for further prosecution under these circumstances.” (People v Fudger, supra, at 1021.) Similarly, in People v Carswell (120 Misc 2d 274 [Sup Ct, Kings County 1983], supra) the defendant was indicted on three counts. One count was dismissed prior to submission and the jury acquitted on the two remaining counts for which defendant had been indicted. The jury was unable to reach a verdict on three of the four lesser included counts which had also been submitted to it. The court observed that under Mayo “there was nothing left of [the original] indictment * * * after the actions of the jury and * * * [t]he sole course of action” (citing People v Mayo, supra) was to “obtain a new indictment” on the lesser included charges. (People v Carswell, supra, at 277.)
In the instant case, the defendant was indicted on three counts. The defendant was acquitted of those three counts and any retrial pursuant to that indictment would violate the defendant’s double jeopardy rights. If the People wish to further prosecute on those counts on which the jury had not been *368 able to reach a verdict (manslaughter in the first degree and manslaughter in the second degree) they would have to obtain a new indictment. The court is obliged to and formally dismisses indictment No. 10552/98.[2]
Upon the court issuing its order in this regard, the People moved for a securing order pursuant to CPL 210.45 (9). That section reads: “9. When the court dismisses the entire indictment but authorizes resubmission of the charge or charges to a grand jury, such authorization is, for purposes of this subdivision, deemed to constitute an order holding the defendant for the action of a grand jury with respect to such charge or charges. Such order must be accompanied by a securing order either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the sheriff pending resubmission of the case to the grand jury and the grand jury’s disposition thereof.”
CPL article 210 concerns proceedings in superior court from filing of indictment to plea. CPL 210.20 through 210.45 outline the procedures for pretrial motions to dismiss an indictment. CPL 210.20 sets forth the grounds upon which an indictment can be dismissed prior to trial. CPL 210.20 (4) specifically delineates the four grounds for dismissal that permit resubmission to a new Grand Jury: (a) indictment defective; (b) evidence before Grand Jury not legally sufficient; (c) Grand Jury proceeding defective; and (d) dismissal in interest of justice. CPL 210.45 sets forth the procedures when a motion to dismiss is made and permits, pursuant to CPL 210.45 (9), the issuance of a securing order when the entire indictment is dismissed and resubmission is authorized. However, what is at issue in this case is a posttrial not pretrial dismissal.
The District Attorney relies on CPL 210.45 (9) to seek a securing order based on the court authorizing resubmission. However, resubmission herein is not on any of the grounds authorized in CPL 210.20 (4).
This seeming limitation is apparently no impediment for the Appellate Division, First Department, which seems to share the District Attorney’s view that the trial court may issue a securing order pursuant to CPL 210.45 (9), under the circumstances presented herein. (People v Suarez, 148 AD2d 367 [1st Dept 1989].) In Suarez (supra), the defendant was indicted for *369 murder in the second degree and criminal possession of a weapon in the fourth degree. The jury acquitted the defendant of murder in the second degree and found the defendant guilty of the lesser offense of manslaughter in the first degree. Based on the trial court’s failure to charge justification, as well as error in failing to submit manslaughter in the second degree as a lesser included charge, the Appellate Division reversed the conviction. It noted that, “[b]ecause defendant was acquitted of murder, the District Attorney must seek a new indictment to retry the defendant for manslaughter in the first and second degrees.” (People v Suarez, at 370.) In discussing the dismissal, the First Department, while giving leave to re-present the charges of manslaughter in the first degree and second degree to another Grand Jury, remanded the matter to the trial court “for the purpose of issuing a securing order pursuant to CPL 210.45 (9).” (People v Suarez, at 368.)
A contrasting finding on CPL 210.45 (9)’s applicability was made by the Appellate Division, Second Department, which instead under similar circumstances directed that the trial court issue a securing order pursuant to CPL 470.45. (People v Jones, 148 AD2d 547 [2d Dept 1989].) In Jones (supra), the defendant was acquitted after a jury trial of all the charges for which he was indicted; however, he was convicted of assault in the second degree which was submitted to the jury as a lesser included offense. In reversing the conviction, the Second Department noted that “Since the defendant was acquitted of all charges contained in the original indictment, that indictment must now be dismissed” (People v Jones, supra, at 550). In giving the People permission to re-present “any appropriate charges to another Grand Jury,” the Appellate Division ordered the defendant be produced in the trial court and directed “at which time that court shall issue a securing order pursuant to CPL 470.45 * * * (cf., CPL 210.45 [9])” (People v Jones, supra, at 547, 548; see also, People v Melendez, 227 AD2d 646 [2d Dept 1996]). This court cannot divine whether the Second Department is simply indicating that CPL 210.45 (9) is inapplicable upon reversal and remand by an appellate court, or whether it is indicating that CPL 210.45 (9) is limited to just pretrial motions to dismiss.[3]
Clearly, CPL 470.45, dealing with appellate reversals and remands, is inapplicable to the present case. If CPL 210.45 (9) *370 securing orders are only applicable to pretrial dismissals of indictments when resubmission is authorized pursuant to CPL 210.20 (4), where is the court’s authority to issue a securing order in the instant circumstances? A retrial is clearly authorized by CPL 310.70 (2) and here the court, after dismissing the indictment after trial, has given the District Attorney leave to seek a new indictment. It is this court’s view that the court cannot be and is not without authority in such circumstances.
Judiciary Law § 2-b (3) states that a court of record has the power: “3. to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it.”
The power to regulate practice and procedure lies with the Legislature and not the courts (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5-6). All the same, the Court of Appeals has recognized that section 2-b (3) of the Judiciary Law provides the court with broad discretionary powers “to devise and make new process and forms of proceedings” as long as the exercise of such powers is consistent with practice authorized by the Legislature and in accord with powers granted by the Constitution of the State of New York. (People v Ricardo B., 73 NY2d 228, 233 [1989].)
People v Ricardo B. (supra) is the only case that this court is aware of where the Court of Appeals has discussed the court’s powers under Judiciary Law § 2-b (3). In Ricardo B. (supra) the trial court was faced with two defendants similarly charged, one of whom had made an incriminating statement implicating the other. Because that statement could not be introduced against the second defendant (Bruton v United States, 391 US 123), the trial court ordered a joint trial before two separate juries. The Court of Appeals, in reviewing these procedures, noted that nothing in the statutes either authorized or prohibited the procedures employed by the trial court in using two juries. The Court of Appeals noted “the Constitution permits the courts latitude to adopt procedures consistent with general practice as provided by statute.” (People v Ricardo B., at 232.) In the instant case, although the Legislature has not addressed the question of securing orders where an indictment is dismissed by the trial court after trial, its preference for conferring authority on the court to issue securing orders in comparable circumstances is clear. The courts have been *371 specifically empowered to issue securing orders when an indictment is dismissed before trial (CPL 210.45 [9]), as well as when indictments are dismissed on appeal by the appellate courts. (CPL 470.45.) Invoking the Judiciary Law as authority to issue a securing order in the instant circumstances is wholly consistent with the general practice and procedures authorized by the Legislature in permitting the courts to issue holding orders for defendants whose indictments have been dismissed. (People v Ricardo B., supra, at 233.) As the Second Department has noted, “[t]hat the procedure chosen to further the legislative purpose is novel does not render it improper, provided the method adopted is consistent with the general practice and procedure authorized by the Legislature and is in accord with the powers granted by the Constitution” (People v Wallace, 153 AD2d 59 [2d Dept 1989]). The novel procedure sustained in Wallace (supra) involved the Trial Judge’s exercise of discretion in ordering a joint bench and jury trial. While there was no statute expressly authorizing or prohibiting a joint bench and jury trial, the court found that such a procedure was implicitly authorized under the legislative grant of discretionary powers to the court over the joinder and severance of indictments. (People Wallace, supra, at 65.)
Given that in posttrial circumstances the court may lack authority to issue a securing order under CPL 210.45 (9), Judiciary Law § 2-b (3) gives the court power to fill that gap, if such a gap indeed exists. Under such authority the court hereby issues a securing order fixing bail at $25,000 cash or bond. If the Grand Jury has not indicted the defendant within 45 days from the date of the issuance of this order the defendant is to be released from custody. (CPL 210.45 [9] [d].)

. Since the jury could not reach a verdict on the submitted manslaughter counts, acquittal on the three counts in the indictment did not constitute a “complete acquittal” pursuant to CPL 330.10 (1).

. The Federal courts, based on Federal Rules of Criminal Procedure, rule 31 (c), have declined to follow Mayo (supra), holding that reprosecution of the lesser included offense does not require a new indictment. (United States v Payne, 832 F Supp 594 [ED NY 1993].)

. In neither People v Mayo (supra) nor People v Bradley (88 NY2d 901 [1996], supra) did the Court of Appeals discuss the bail status of the defendant, though in Bradley (supra, at 904) the Court explicitly noted its ruling *370 was “without prejudice to an application by the People to resubmit” to a new Grand Jury.