People v Allen (2019 NY Slip Op 01127)





People v Allen


2019 NY Slip Op 01127


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Acosta, P.J., Manzanet-Daniels, Gische, Mazzarelli, Kahn, JJ.


3780 2948/08 2922/11

[*1]The People of the State of New York, Respondent,
v
Doran Allen, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Susan H. Salomon of counsel), for appellant.
Doran Allen, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (Justin J. Braun of counsel), for respondent.



On remittitur from the Court of Appeals (__ NY3d __, 2018 NY Slip Op 08537 [2018]), judgment, Supreme Court, Bronx County (Peter J. Benitez and Efrain Alvarado, JJ. at grand-jury related applications; Ralph Fabrizio, J. at jury trial and sentencing), rendered January 10, 2014, convicting defendant of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.
We previously held that the verdict was based on legally sufficient evidence, and was not against the weight of the evidence (152 AD3d 401 [1st Dept 2017]). We found that the evidence supported the conclusion that defendant intentionally aided the commission of the homicide and shared a community of purpose with the gunman, and that defendant intentionally participated by acting as a driver and by pointing out the victim. We reversed the judgment and remanded for a new trial, however, upon a finding that the presence of an unconstitutionally infirm murder charge had influenced the verdict.
The Court of Appeals, on appeal from the prior order, held that this Court erred in concluding that the improper presence of the murder count "loomed over the trial, and in some way influenced the verdict" (__ NY3d at __, 2018 NY Slip Op, *9; 152 AD3d at 403; see People v Mayo, 48 NY2d 245 [1979]). The Court held that the charges against defendant contained in the first indictment were valid and not obtained in violation of CPL 190.75(3), and thus, a spillover analysis rather than Mayo applied. The Court accordingly remitted the matter to this Court for a determination of the facts and issues raised but not determined on the prior appeal.
We find that defendant received the effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 711-712 [1998]; People v Hobot, 84 NY2d 1021, 1022 [1995]; Strickland v Washington, 466 US 668, 689-692, 694 [1984]).
Counsel was not ineffective for failing to request an instruction that if the jury convicted codefendant Alexander of intentional murder, it should acquit defendant of manslaughter. The court properly instructed the jury on the applicable principles of acting in concert liability, including that the jury "must find beyond a reasonable doubt that the particular defendant . . . intentionally aided that person or persons to engage in that conduct [and] [t]hat the particular defendant did so with the state of mind required for the commission of that offense." "The fact that [a] defendant and codefendant [are] convicted of different degrees of homicide does not undermine the inference of accessorial liability" (People v Dedaj, 303 AD2d 285 [1st Dept], lv denied 100 NY2d 580 [2003]; People v Valentin, 289 AD2d 172, 172-173 [1st Dept 2001], lv denied 97 NY2d 734 [2002]). For example, the jury may have concluded that Alexander intended to kill the victim, but defendant intended only to seriously physically injure him based on what he knew prior to the shooting, and acted in concert with the cooperating witness.
For the same reason, counsel was not ineffective for failing to object to the verdict as repugnant (see People v Tucker, 55 NY2d 1, 8 [1981]) based on the jury's acquittal of defendant of acting in concert with intent to kill the victim, and conviction of acting in concert with intent to cause him serious physical injury, while the jury convicted Alexander, one of the shooters, of intentional murder.
The record shows that counsel zealously represented defendant throughout the trial and sentencing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK